# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## IN JULY TERM, 1860.

MICHAEL GONCELIER, Plaintiff in Error, *vs.* JOSEPH FORET, ET. AL. Defendants in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A Trustee under a deed of trust is bound to dispose of the property and apply the proceeds in accordance with the provisions of the trust deed, and is not at liberty to consult his own interests or those of the assignor. He is responsible to the creditors of the assignor for misconduct in the management of the trust, and a court of equity will afford relief where he errs, or acts in bad faith in the administration of the trust.

In an action for the removal of a trustee under *Sec.* 26, *page* 384, *Stat. of Minn.*, it is not necessary that all persons interested in the trust should join as Plaintiffs in the action.

The action known as a "Creditor's Bill," is where a judgment creditor seeks a discovery from his debtor, and an application of any property discovered, to the payment of his judgment. But an action for the administration of assets, to enforce the execution of trusts, or to reach property fraudulently disposed of, may be brought by a simple contract creditor, and it does not require a judgment to have been obtained.

In an action by a creditor, whose claim was less than one hundred dollars, to enforce the execution of trusts under an assignment, and where it appeared from the complaint that the Plaintiff sued on his own behalf, as well as on behalf of the other creditors of the assignor, who represented claims amounting to over $3,500, and that the property assigned and in the hands of the Trustees, was of sufficient value to pay all these debts. *Held*—That the "amount in controversy" was sufficient to give the District Court jurisdiction under Sec. 5, Art. 6, of Constitution of the State.

The objection of an excess of parties Defendant, cannot be taken by demurrer of all of the Defendants.

The complaint states that the Defendant first made a general assignment of his property to the Defendant St. Cyr, who, for the purpose of having the trust duly administered, and to get rid of the trust, conveyed the property without consideration to the Defendants Olivier & Vervais. That they, Olivier & Vervais, were insolvent, and were about to sell the property,

2

convert the proceeds to their own use and leave the State, and divert the said property from the objects of said trust.

The action is brought by a contract creditor of Foret's, whose claim amounts to less than $100, but who " sues on behalf of himself and the several other creditors of Foret," whose claims altogether amount to over $3,500, and the Plaintiff asks that the Defendants Olivier & Vervais, be enjoined from selling the property, and that a receiver be appointed to execute the trusts created by the assignment, &c.

The Defendants demurred to the complaint. Demurrer sustained, and injunction dissolved.

Points and authorities of Plaintiff in Error.

*First.*—The District Court erred in sustaining Defendants' demurrer, and in entering final judgment thereon, and in dissolving the injunction thereon.

Because the Plaintiff had a legal right to bring said action in behalf of himself and *all* other creditors of said Foret.

It is not necessary that said creditors should otherwise be made parties ; and this is the well settled and proper practice. Said demurrer is not in that respect well taken. *James vs. Lansing,* 7 *Paige* 584, *Story's Eq. Pl., Sec.* 97 *to* 102 *inclusive;* 1 *Paige Chy. Rep.,* 20 ; 3 *Johns Chy.,* 555 ; *Conro vs. Rost Henry Iron Company,* 12 *Barber's Sup. C.,* 27 ; 3 *Atkins,* 600 ; 1 *Myher & Keene,* 546 ; 1 *Cooper Equity Pl.,* 182, *et. seq ;* 3 *Howard S. C. U. S.* 333; *see also Barber's Chy. Prac.,* 2 *vol., p.* 148–149.

*Second.*—Because said complaint thus shows a cause of action in which said Foret is interested. He is therefore a proper party. 1st.—Because he has a direct interest in the application of the assets assigned, and is entitled to the surplus, if any. And 2d.—A demurrer will not lie for an excess of parties, but only for a deficiency. *Stryker vs. Lynch, cited in Whittaker,* 1 *vol., p.* 461. *Bailey vs. Inghs, et. al.,* 2 *Paige* 278 ; *Story's Eq. Pl.,* 91.

*Third.*—Because said complaint does not state a good cause of action, and it was manifest error to hold or assume the Plaintiff should have obtained judgment and issued execution on his claim.

The action is not a creditor's bill proper. Its object is to enforce the due execution of the trust created by the assignment, and to notice all parties to have an assignee appointed. A judgment againt Foret is of no moment, and an execution thereon, the assignment being admitted to be valid, could not be levied upon the assigned property.

Hence the proper remedy is to enforce the due execution of the assignment, and to do this Plaintiff stands in the same position now that he would occupy after judgment. A judgment against Foret would be a useless proceeding, and the law does not require the doing of a vain or useless thing. 7 *Paige* 583; *see also* 2 *Bar. Chy. Prac. p.* 148–149.

*Fourth.*—Because said District Court assumed that an adequate remedy by execution existed, which is erroneous. 2 *Barber's Chy. Pr. p.* 149.

Wherefore Plaintiff demands a reversal of said judgment, &c.

Points and authorities of Defendant in Error.

That the order of the District Court sustaining the demurrer to the complaint, and rendering judgment thereon for the Defendants was correct in law, and ought to be affirmed.

*1st.*—Because the action is *not* brought to recover any legal judgment, and the complaint does *not* demand any judgment against the defendant Foret, the debtor for the Plaintiff's debt. But the action is strictly in the nature of a creditor's bill, and seeks only equitable relief, and therefore cannot be sustained upon the facts stated in the complaint.

*2d.*—The Plaintiff being a mere contract creditor upon a promissory note cannot bring his action in the nature of a creditor's bill to obtain mere equitable relief. *See* 8 *Barb.*, 595, *Greenwood vs. Brodhead;* 3 *Kernan,* 161, *Crippen vs. Hudson, et. als.; same* 488, *Reuben vs. Joel, et. als.*

*3d.*—The Plaintiff must first pursue and exhaust his ordinary remedy at law, by judgment and execution against the debtor, before he can bring his action in the nature of a creditor's bill. 2 *Johnson Ch. R. p.* 144, *Wiggin vs. Armstrong;* 3 *Paige Ch. R. p.* 319, *Clarkson vs. Depeyster;* 10 *Paige Ch. R. p.* 519, *M. & M. Bank vs. Griffith;* 7 *Paige Ch. R. p.* 663, *Reed vs. Wheaton;* 4 *Johnson Ch. R. p.* 671, *Brinkerhoff vs. Brown;* *Walker's,* (*Mich.*) *p.* 1, *Smith vs. Thompson.*

*4th.*—*A contract creditor simply*, not having first obtained any lien, by judgment or otherwise, upon the property of his debtor, is not entitled to the interference of a court of equity, by injunction, to prevent the debtor from disposing of his property, or to any judicial interference with the debtor's property whatever. 2 *Johnson Ch. R., p.* 144, *Wiggins vs. Armstrong;* 4 *Johnson Ch. R., p.* 671, *Brinkerhoff vs. Brown;* 1 *Johnson Ch. R., p.* 305, *Beck vs. Burnett; also,* 8 *Barber* 595, *and* 3 *Kernan* 161–488, *before cited.*

*5th.*—The Plaintiff sues in his own right and sets up a subsisting cause of action against *one* of the Defendants, Foret, upon a promissory note dated November 24, 1857, for *eighty dollars* with interest, which was not at the time of the commencement of the action a cause of action which the District Court had any original jurisdiction whatever, to render a judgment *at law*, and no grounds are shown for equitable relief.

Smith & Gilman, Counsel for Plaintiff in Error.

Ames, Sherburne & Clark, Counsel for Defendants in Error.

*By the Court*—Atwater, J.  The assignment by Foret to St. Cyr, and the acceptance of the trust by the latter, vested him with the title of the property conveyed, to be held and disposed of by him, for the use and benefit of the creditors of Foret.  He was bound to dispose of the property and apply the proceeds in accordance with the provisions of the trust deed, and his disposition of it, in the manner alleged in the complaint was a clear violation of his duty as trustee.  He is not at liberty to consult his own interests or those of Foret in the disposition of the property, but those of the creditors of Foret, and is responsible to them for misconduct in the management of the trust he has undertaken.  And it is peculiarly the province of a court of equity to afford relief where the trustee errs, or acts in bad faith in the administration of his trust.  (*Bur. on Assign., p.* 518 *; Comp. Stat., p.* 384, *sec.* 26.) This section provides that "upon the petition or bill of any person interested in the execution of an express trust, &c., the Court of Chancery may remove any trustee who shall have violated or threatened to violate his trust," &c.

This statute gives the right to " any person interested in the execution of an express trust," to bring an action for the removal of the trustee. All the persons interested in the trust are not required to join in the action. But even were it otherwise, the allegation in the complaint that the plaintiff "sues on behalf of himself and the several other creditors of the above named Joseph Foret," would be sufficient, without naming them severally in the title of the action. (*Story's Equity Pl.*, s. 99, 100, 101, 216. *Brown vs. Ricketts*, 3 *John Ch.* 553,) in which the Chancellor says that " it seems to be material in these cases of creditors and legatees, that the bill should be stated to be on behalf of the Plaintiff, and all other persons concerned in the subject matter, so that the others may all come in under the decree." (*See also*, 1 *Paige*, *p.* 20 ; 12 *Bar. Sup. C. R.* 27 ; *Willard's Eq. Jur.* 470 ; 3 *How. S. C. R.* 333 ; *Bar. Ch.* vol. 2, *p.* 149.)

The demurrer to the complaint raises the objection that this action is strictly in the nature of a creditor's bill, and that it cannot be maintained by a simple contract creditor, but only in favor of judgment-creditors who have exhausted their remedy at law. Under the New-York practice (and the same obtains in other States) there were two classes of actions that might be maintained by creditors in chancery—the one where a judgment creditor sought a discovery from his debtor, and an application of any property discovered to the payment of his judgment. This was usually known as the creditor's bill, and was a statutory provision. There was another class of cases not depending on any statute, which were brought for the administration of assets, to enforce the execution of trusts, and to reach property fraudulently disposed of, &c. The bill in such cases was filed on behalf of complainant, and all others standing in a similar relation, who may come in under such bill and the decree to be made. The bill may be filed by simple contract creditors, and does not require a judgment to have been obtained. (2 *Bar. Ch. Pr.* 149.) The bill or complaint in this action brings the case within the last named class, and the authorities cited by the defendants in support of the objection taken by the demurrer are not applicable, or rather, the objection itself is untenable. The Plaintiff here is not asking

the aid of the Court to enforce his claim against the property of his debtor, (Foret) for he has none. He has parted with the title to his property, and vested it in his assignee St. Cyr, who agreed to take and dispose of it for the benefit of the creditors of Foret. The assignment is admitted to be valid, and the Plaintiff asks to have the trusts executed in accordance with the provisions of the deed. The Plaintiff, being admitted to be one of the creditors of the assignor, has a right to demand that the assets of the debtor shall be properly applied to the payment of his debts, nor would a judgment creditor have any greater or better right to ask such application, than a simple contract creditor. In the case of *Wiggins et. al. vs. Armstrong et. als.*, 2 *John. Ch. R.* 144, which is cited in support of the demurrer, it was held that " a creditor at large, or before judgment, is not entitled to interference of this Court, by injunction, to prevent the debtor from disposing of his property in fraud of such creditor." And the chancellor says that " the reason of the rule seems to be that until the creditor has established his title, he has no right to interfere, and it would lead to an unnecessary, and, perhaps, a fruitless and oppressive interruption of the exercise of the debtor's rights." But neither the rule nor the reason for the rule have any application to the case at bar. The debtor has no property to dispose of, nor will he be "interrupted" in the exercise of any of his rights, in granting the relief asked by the Plaintiff. Foret cannot object that the Court should require the assignee to do that, which he has expressly authorized and required him to do, by his deed of trust. But if there were any doubt of the power of this Court by virtue of its general equity jurisdiction, to grant the relief demanded, we think the statute above cited is applicable to the case, and authorizes the Plaintiff to demand, and the Court to grant the relief sought.

The claim of the Plaintiff is upon a note of the Defendant, bearing date Nov. 24, 1857, for eighty dollars, by which the Defendant Foret promised to pay the Plaintiff that sum in six months from the date of the note, with interest at the rate of three per cent. per month from date. The objection is raised by the demurrer, that the cause of action was not one of which the District Court had any original jurisdiction. Section 5, of

Article 6 of the Constitution provides that " the District Courts shall have original jurisdiction in all civil cases, both in law and equity, where the amount in controversy exceeds one hundred dollars." But it will be observed, that the Plaintiff sues not only on his own behalf, but also on that of the other creditors of Foret. These creditors, as shown by the complaint, represent claims to the amount of $3,500 or more. Under the allegations of the complaint therefore, the Plaintiff is seeking to protect and secure this amount of indebtedness, so far, at least, as the assigned property may be sufficient for that purpose. And it is also alleged in the complaint, that the property assigned by Foret, was of sufficient value to pay off and discharge the debts of said Defendant, the most or all of which property was at the time of commencing the action in the hands of the Defendants. The " amount in controversy" was therefore sufficient to give the District Court jurisdiction of the action.

It was also claimed on the argument that Foret has no interest in the result of the suit, and was improperly joined as Defendant. It is unnecessary to examine whether this be so in fact, as, admitting it to be true, the objection cannot be taken by demurrer on the part of all the defendants, as has been here done. (*Story's Eq. Pl. s.* 544, *N. Y. & N. H. R. R. Co. vs. Schuyler;* 17 *N. Y. R.* 592.)

The judgment below must be reversed, and the cause remanded to the District Court of Ramsey county.