Brisay *v.* Hogan.

LESTOCK P. W. DES BRISAY, *in Equity, versus* PATRICK
HOGAN & *ux.*

When a creditor seeks, by a bill in equity, to obtain payment of his debt from
certain real estate paid for by the debtor, but conveyed to his wife, a levy
is unnecessary, if the debtor never had any title to the land.

BILL IN EQUITY.

The case was heard on demurrer.

*J. Granger*, for the complainant.

*Chas. R. Whidden*, for the respondents, cited *Webster
v. Clark*, 25 Maine, 313, and cases there cited; *Dockray
v. Mason*, 48 Maine, 178; R. S., c. 61, § 1.

WALTON, J. — This is a bill in equity in which a creditor
seeks to obtain payment of his debt from certain real estate
paid for by the debtor, but conveyed to his wife, the debtor
never having had any title to it.

It is objected that the bill cannot be maintained, because
the creditor did not levy upon the land before asking the
aid of the Court.

It was decided in *Corey v. Greene*, 51 Maine, 114, that
where the debtor never had any title to the land, a levy is
unnecessary. It is true that, in that case, the title was held
by a stranger, while in this it is held by the debtor's wife.
But this makes no difference. It is only when the debtor
once had a title to the land and has conveyed it away fraud-
ulently, that a levy can be of any use. In such case, the
conveyance being fraudulent, it is as to the creditor *no* con-
veyance, and he may treat the title as still remaining in the
debtor. But when, as in this case, the debtor never had
any title, treating the conveyance to his wife as either valid
or void will not give *him* a title, — it will be either in the
wife or her grantor, — it will not be in the debtor, — and a

levy upon it as his property would be an idle and useless ceremony. No title could possibly be obtained by it.

*Demurrer overruled.* — *Defendants to answer further.*

APPLETON, C. J., CUTTING, KENT, and DANFORTH, JJ., concurred.