## CASE v. BEAUREGARD.

1. A. filed his bill claiming that he, as a creditor of a commercial firm, all the members of which were insolvent, had a prior lien or privilege upon the partnership property which had been transferred by them in payment of their individual debts, and seeking to subject that property to the payment of his debt. The bill, on a final hearing upon the pleadings and proofs, was dismissed. A. thereupon commenced a suit for the same cause of action against the same parties, alleging, in addition to the matters set forth in his former bill, that he had recovered a judgment at law against the partnership for the debt, and that an execution issued thereon had been returned *nulla bona*. *Held*, that the former decree is as *res judicata* a bar to the suit.

2. Whenever a creditor has a trust in his favor, or a lien upon property for the debt due him, he may go into equity without exhausting his remedy at law.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The facts out of which this case arises are stated in *Case* v. *Beauregard*, 99 U. S. 119. The bill in each case is in every essential particular the same, except that here the additional allegation is made that the complainant, as receiver, had brought an action at law and recovered judgment against Beauregard and May, as partners; that Graham, the other partner, was beyond the reach of process; and that an execution upon the judgment was returned *nulla bona*. The defendants pleaded

the decree in the former suit in bar, and the court, finding that the matter set up in the plea was sustained by the evidence, dismissed the bill.    Case appealed.

Submitted on printed arguments by *Mr. Charles Case* for the appellant, and by *Mr. Henry C. Miller* for the appellee.

MR. JUSTICE STRONG delivered the opinion of the court.

That the complainant's bill exhibits the same cause of action which was set forth in his former bill against these defendants, and that he now seeks the same relief as that which was sought in his first suit, is quite apparent.    The identity of the claims and equities asserted, as well as of the relief asked, is shown by an inspection of the records, and it is hardly denied. The object of both suits was to follow and subject to the payment of a debt due by the partnership of May, Graham, & Beauregard to the First National Bank of New Orleans, certain property alleged to have formerly belonged to the partnership, but which before the first bill was filed had been transferred to the railroad company.    The claim made in each of the cases is that the bank has a privilege or lien upon the property for the partnership debt ; that the railroad company acquired the property with knowledge of the existence of the lien, and that it is charged with a trust in favor of the bank.    The decree dismissing the former bill must, therefore, be a bar to the present suit (it having been pleaded), unless the court which dismissed it was without jurisdiction of the case.

In the former bill it was not averred that judgment at law had ever been recovered against the partnership for the debt, and that an execution had been issued thereon and returned fruitless.    The present bill contains such an averment.    It is alleged that judgments at law were obtained against two of the members of the partnership on or about the twenty-sixth day of February, 1873, which was after the decree dismissing the former bill, and that executions issued upon those judgments had been returned that no property could be found.    The complainant insists that this averment not having been made in the former bill, the decree of dismissal, though unqualified, cannot be regarded as a final adjudication of the equities between the parties, and that it is, therefore, no bar to the present suit.

It is no doubt generally true that a creditor's bill to subject his debtor's interests in property to the payment of the debt must show that all remedy at law had been exhausted. And generally, it must be averred that judgment has been recovered for the debt; that execution has been issued, and that it has been returned *nulla bona*. The reason is that until such a showing is made, it does not appear, in most cases, that resort to a court of equity is necessary, or in other words, that the creditor is remediless at law. In some cases, also, such an averment is necessary to show that the creditor has a lien upon the property he seeks to subject to the payment of his demand. The rule is a familiar one, that a court of equity will not entertain a case for relief where the complainant has an adequate legal remedy. The complaining party must, therefore, show that he had done all that he could do at law to obtain his rights.

But, after all, the judgment and fruitless execution are only evidence that his legal remedies have been exhausted, or that he is without remedy at law. They are not the only possible means of proof. The necessity of resort to a court of equity may be made otherwise to appear. Accordingly the rule, though general, is not without many exceptions. Neither law nor equity requires a meaningless form, " *Bona, sed impossibilia non cogit lex.*" It has been decided that where it appears by the bill that the debtor is insolvent and that the issuing of an execution would be of no practical utility, the issue of an execution is not a necessary prerequisite to equitable interference. *Turner* v. *Adams*, 46 Mo. 95 ; *Postlewait & Creagan and Keeler* v. *Howes*, 3 Iowa, 365 ; *Ticonic Bank* v. *Harvey*, 16 id. 141 ; *Botsford* v. *Beers*, 11 Conn. 369; *Payne* v. *Sheldon*, 63 Barb. (N. Y.) 169. This is certainly true where the creditor has a lien or a trust in his favor.

So it has been held that a creditor, without having first obtained a judgment at law, may come into a court of equity to set aside fraudulent conveyances of his debtor, made for the purpose of hindering and delaying creditors, and to subject the property to the payment of the debt due him. *Thurmond and Others* v. *Reese*, 3 Ga. 449 ; *Cornell* v. *Radway*, 22 Wis. 260; *Sanderson* v. *Stockdale*, 11 Md. 563.

In *Brisay* v. *Hogan* (53 Me. 554), it was ruled that when a

creditor seeks by his bill to obtain payment of his debt from land paid for by the debtor, but conveyed to his wife, a levy of an execution is unnecessary, if the debtor never had legal title to the land. See also *Day et al.* v. *Washburne*, 24 How. 352.

The foundation upon which these and many other similar cases rest is that judgments and fruitless executions are not necessary to show that the creditor has no adequate legal remedy. When the debtor's estate is a mere equitable one, which cannot be reached by any proceeding at law, there is no reason for requiring attempts to reach it by legal processes.

But, without pursuing this subject further, it may be said that whenever a creditor has a trust in his favor, or a lien upon property for the debt due him, he may go into equity without exhausting legal processes or remedies. *Tappan* v. *Evans*, 11 N. H. 311; *Holt* v. *Bancroft*, 30 Ala. 193. Indeed, in those cases in which it has been held that obtaining a judgment, and issuing an execution, is necessary before a court of equity can be asked to set aside fraudulent dispositions of a debtor's property, the reason given is that a general creditor has no lien. And when such bills have been sustained without a judgment at law, it has been to enable the creditor to obtain a lien, either by judgment or execution. But when the bill asserts a lien, or a trust, and shows that it can be made available only by the aid of a chancellor, it obviously makes a case for his interference.

Now, if we are correct in these views of equity jurisdiction, it is a plain inference that the decree pleaded in bar of the present suit was a final adjudication of the equities asserted by the complainant therein.

The bill in that case asserted in the most ample terms the remedilessness of the complainant at law. It averred that at and before the transfer and conveyances of the partnership property, sought to be charged, to the railroad company, each of the members of the partnership was largely indebted, without means and in a state of insolvency, and that they had since been and still were insolvent; so that a suit at law and the recovery of a judgment against them, or either of them, would not afford the complainant any relief, because neither of the partners have or had, since the dates of the pretended transfers

of said partnership property, any property whatever upon which the complainant could levy an execution at law, or seize for the satisfaction of the debt due to the bank. What more could have been necessary to show that the complainant had no remedy at law, — that his remedy, if he had any, was in equity?

But this was not all. The bill charged that the conveyances of the partnership property, and the transfers by which it had been vested in the railroad company, were illegal and fraudulent, that the bank had a privilege or lien upon the property, and it prayed that the various acts of sale, transfer, and conveyance by which the property that had belonged to the partnership had been conveyed to the railroad company, should be declared null and void, and that the property should be decreed to be liable to the payment of the amount due to the bank.

Thus it appears the bill exhibited all that was necessary to give to the court, sitting as a court of equity, complete jurisdiction over the subject of the controversy between the parties, and over all the equities now asserted by the complainant in his present suit. It must, therefore, be held that the decree dismissing that bill determined the equities of the case. And this must be so, whether the reasons for the dismissal were sound or not. That decree was affirmed in this court, and affirmed on the merits. We regarded the case and treated it as requiring an adjudication upon the complainant's equity to be paid out of the property in the hands of the railroad company. Nothing that can now be done in another suit can take away the legal effect of the decree. Even were we of opinion that the case was erroneously decided, it would still be *res judicata*, a bar to the complainant, a protection to the defendants. It would be idle, therefore, to reconsider the question whether the bank has a lien upon the property he seeks to charge, or whether there had been a trust in the bank's favor.

*Decree affirmed.*