## DAHLMAN *v.* JACOBS and others.[*]

(*Circuit Court, E. D. Missouri.* March 29, 1883.)

1. EQUITY—CREDITOR'S BILL.

A creditor at large, who has not established his demand at law, cannot maintain a suit in equity, either to set aside a conveyance executed by an insolvent debtor, or obtain a decree that such conveyance shall stand for a general assignment, under the state statutes, for the benefit of all such debtor's creditors.

2. SAME—REMEDY AT LAW.

A court of equity has no jurisdiction, even where the demand has been duly established, if the plaintiff can obtain a full, complete, and adequate remedy at law.

In Equity. Demurrer to bill.

This is a suit brought by Max Dahlman against Joseph M. Hayes, Amelia Jacobs, and Henry Jacobs, her husband, to have a certain instrument executed by the two last-named defendants held and decreed to be and operate as a deed of assignment for the benefit of all the creditors of said Amelia Jacobs, under the laws of the state of Missouri, and for other relief. The bill states that said instrument purports to be a mortgage of all the separate estate and property of said Amelia Jacobs, and to have been executed for the purpose of securing a debt due from her to Joseph M. Hayes, the mortgagee, and alleges that at the time said instrument was executed, Mrs. Jacobs was carrying on business in St. Louis under the name of A. Jacobs, and had a separate estate; that she was insolvent, and at the time said instrument was executed was indebted to other creditors besides said Hayes, among whom was the defendant, to whom she owed the sum of $1,442.82, as appeared by an itemized account therewith filed. The only question decided by the court was as to its jurisdiction.

*Patrick & Frank,* for plaintiff.

*D. Goldsmiths,* for defendants.

TREAT, J. A general demurrer has been interposed, which involves two questions: *First,* whether a creditor at large can maintain the bill, either to set aside defendants' conveyance or to decree that it shall stand for a general assignment for the benefit of all the creditors; *second,* if the plaintiff has the proper standing, whether the conveyance in question falls within the provisions of the Missouri statute as to assignments.

The counsel have exercised extraordinary diligence in presenting and collating cases on the second point. The questions on that point,

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

if they had to be considered, would involve a review of the many decisions cited, especially those of the supreme court of Missouri, on the Missouri statute. The plaintiff, however, is, by the express averments of his bill, a creditor at large, without a lien or trust upon the property in question, and hence falls within the well-settled rules that his demand must first be established at law; and it must also appear that he has not full, complete, and adequate remedy at law, before he can invoke proceedings in equity. His account is an open one, and it may be if tried at law, where it should be, his demand would fail, or if not in its entirety, to an extent that would reduce the same below the jurisdiction of this court. This court cannot be driven, *first*, to ascertain whether he has a legal demand which belongs to common-law courts, and thus, having usurped common-law jurisdiction, proceed, after giving what is equivalent to a common-law judgment, to enter upon the other or equitable inquiry involved. Without reviewing what are elementary authorities on this point, it must suffice to refer to *Case* v. *Beauregard*, 99 U. S. 119, and 101 U. S. 688.

It is obvious that the plaintiff in this case has full redress at law, if he has any demand against the defendants. It is sufficient, however, for the purposes of this demurrer, that he has not, under the allegations of his bill, a cause of action cognizable in equity. The demurrer will be sustained.

McCRARY, C. J., concurs.