### WYMAN et al. v. MATHEWS et al.

(Circuit Court, D. South Dakota, E. D. January 20, 1893.)

1. FEDERAL COURTS—ADMINISTERING STATE STATUTES—ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY—PREFERENCES.

The South Dakota statute relating to assignments for benefit of creditors (Civil Code, § 4660) declares such assignments void if made upon any trust or condition by which any creditor receives a preference, but provides that in such case the property of the insolvent shall become a trust to be administered in equity in the district court, and shall inure to the benefit of all the creditors in proportion to their respective claims. Held, that in the case of foreign creditors the rights given by this statute may be enforced in a federal court.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS — PREFERENCES — RIGHTS OF GENERAL CREDITORS.

When an assignment has been made with preferences, the unpreferred creditors may maintain a bill under the statute to secure the application of the fund to all the debts pro rata, without first reducing their claims to judgment.

3. SAME—WHAT CONSTITUTES—CHATTEL MORTGAGE.

A trader being insolvent, and owning a stock of goods worth about $5,000, which was practically all the property owned by her not incumbered to its full value, made a chattel mortgage thereof to a bank to secure debts, aggregating $4,250, with a proviso that the mortgagor should retain possession and sell the goods in the ordinary course of business for cash only, and apply the proceeds thereof to the satisfaction of the mortgage by delivering the same to the mortgagee daily at the said bank; and that in case of default in such payments, or in case the mortgagee should deem itself insecure, it might take immediate possession, and sell the goods at public auction. Held, that by this mortgage the trader evinced an intention to surrender dominion and control of practically all her property, and the

same was therefore, in effect, an assignment for the benefit of creditors, which was void under Civil Code S. D. § 4660, as giving a preference, and inured to the benefit of all her creditors, according to the amount of their claims.

In Equity. Bill by O. C. Wyman and others against Ida A. Mathews and others to enforce a trust in the property of an insolvent trader under the provisions of section 4660 of the Civil Code of South Dakota. Heard on application to dissolve an injunction and set aside an order appointing a receiver. Denied.

Chase, Kean & Sherman, for complainants.

Kennedy & Kennedy and Taylor, Shull & Farnsworth, for defendants.

SANBORN, Circuit Judge. Prior to December 27, 1892, the defendant Ida A. Mathews was a merchant operating a general store at Armour, in South Dakota. She had a general stock of merchandise and some store fixtures of the value of about $5,000, and she was insolvent. She owed over $4,000 that was past due. She had no means to pay her debts as they matured, except from the sales of the stock of merchandise. All of her property, except this stock and the fixtures in the store she occupied, was incumbered to its full value, so that she had no substantially valuable interest in any property except the stock of merchandise and fixtures. She owed the defendant the Douglas County Bank $551 that was past due, and on December 27, 1892, to secure the payment of this debt and other debts that were past due, she made a chattel mortgage of all her stock and fixtures to the bank to secure the payment of $4,251, according to the conditions of a promissory note made by her, payable on or before May 1, 1893, with 10 per cent. interest. The mortgage in terms provided "that the mortgagor shall retain the possession of said merchandise and fixtures, and sell and dispose of the same in the ordinary course of trade for cash, and for cash only, and apply the proceeds thereof to the satisfaction of this mortgage by delivering the same to the mortgagee daily at the said bank as security for the payment to the said Douglas Co. Bank of forty-two hundred dollars and fifty dollars, with interest thereon, as expressed" in the note; and "that in case of default made in the payment of the above-mentioned sums of money, or any part thereof, or if the mortgagee shall at any time deem himself insecure, even before the maturity of said note, then, and in either of the above cases, it shall be lawful for said mortgagee or their assigns, by themselves or agents, to take immediate possession of said goods or chattels wherever found, * * * and to sell the same at public auction," and apply the proceeds to the payment of the mortgage debt, returning the surplus to the mortgagor. The complainants were general creditors of the defendant Mathews at this date, and they have since become the assignees of claims of other creditors which amount in the aggregate to about $2,500. On January 4, 1893, complainants filed their bill in the circuit court, alleging that the defendants were selling the property and applying the proceeds to the payment of the

mortgage debt in preference to the other creditors of the defendant Mathews, and this is admitted by the answers.

The complainants applied to the circuit court for an injunction against the defendants restraining them from the disposition of the property, and for the appointment of a receiver, on the ground that the chattel mortgage was in effect an assignment of the property of the defendant Mathews with preferences, and that it created a trust fund for the benefit of all her creditors, under the provisions of section 4660 of the Civil Code of South Dakota, and that the defendants were violating the trust thus created. An injunction was issued, and a receiver appointed. Application is now made to set aside the order appointing a receiver, and to dissolve the injunction.

Section 4660 of the Code of South Dakota provides that—

"An insolvent debtor may in good faith execute an assignment of property to one or more assignees, in trust towards the satisfaction of his creditors, in conformity to the provisions of this title; subject, however, to the provisions of this Code relative to trusts and to fraudulent transfers, and to the restrictions imposed by law upon assignments by special partnerships, by corporations, or by other specified classes of persons: provided, moreover, that such assignment shall not be valid if it be upon or contain any trust or condition by which any creditor is to receive a preference or priority over any other creditor; but in such case the property of the insolvent shall become a trust fund, to be administered in equity in the district court, and shall inure to the benefit of all the creditors in proportion to their respective claims or demands."

Of this suit in equity to enforce a trust and to distribute a fund created under this statute, the circuit court of the United States has jurisdiction. Rights created by state statutes may be enforced in the federal courts by foreign creditors, where those statutes prescribe methods of procedure which by their terms are to be pursued in the state courts of original jurisdiction, and there is nothing of a substantial character in the methods prescribed which makes it impossible for the United States circuit court to substantially follow those methods. Clapp v. Dittman, 21 Fed. Rep. 15, 17; Railway Co. v. Whitton, 13 Wall. 270, 272, 274, 286; Clark v. Smith, 13 Pet. 195, 203; Fitch v. Creighton, 24 How. 159, 163; Reynolds v. Bank, 112 U. S. 410, 5 Sup. Ct. Rep. 213; Ex parte McNiel, 13 Wall. 236, 243.

It was not necessary for the complainants to reduce their claims to judgments in order to maintain this bill. The theory of the bill is that, by the execution of the chattel mortgage, a trust was created under this statute for the benefit of these and all the other creditors of the defendant Mathews. The beneficiary of a trust may allege and prove himself to be such, and may maintain his bill in equity to enforce the trust, although he is a simple contract creditor, without first exhausting his remedy at law, or reducing his claim to judgment, because it is not the judgment creditors, but all the creditors, who are the beneficiaries of the trust. Day v. Washburn, 24 How. 352, 356; Clapp v. Dittman, 21 Fed. Rep. 15, 18; Case v. Beauregard, 101 U. S. 688, 691; Brisay v. Hogan, 53 Me. 554; Goncelier v. Foret, 4 Minn. 13, (Gil. 1.)

When an insolvent debtor recognizes the fact that he can no longer go on in business, and determines to yield the dominion of

his entire estate, and in execution of that purpose, or with an intent to evade the statute prohibiting preferences to creditors, transfers all, or substantially all, of his property to a part of his creditors, to be applied to the payment of their claims in preference to those of his other creditors, the instrument or instruments, whether in form assignments, chattel mortgages, deeds of trust, or confessions of judgment, by which such transfer is made, constitute an assignment under this Dakota statute, the benefits of which may be claimed by any creditor not so preferred, who will take the necessary steps in a court of equity to enforce the equality contemplated by the statute. Straw v. Jenks, (Dak.) 43 N. W. Rep. 941; White v. Cotzhausen, 129 U. S. 329, 343, 9 Sup. Ct. Rep. 309; Perry v. Corby, 21 Fed. Rep. 15, 737; Clapp v. Nordmeyer, 25 Fed. Rep. 71; Preston v. Spaulding, 120 Ill. 208, 10 N. E. Rep. 903; Kerbs v. Ewing, 22 Fed. Rep. 693; Burrows v. Lehndorff, 8 Iowa, 96, 103; Winner v. Hoyt, 66 Wis. 227, 28 N. W. Rep. 380, 385.

The proofs presented on this hearing satisfy me that the defendant Mathews was insolvent when she made this chattel mortgage; that the mortgage covers substantially all her property in which she has any valuable interest; that its effect is to surrender the dominion and control of the property to the defendant the Douglas County Bank; and that the bank had ample notice at the time it took the mortgage to put it upon an inquiry that must, if pursued, have given it knowledge of all these facts. The defendant Mathews must be presumed to have intended the known and necessary result of her act, and I cannot pursuade myself that she could have executed this instrument without having intended thereby to close out her business, and surrender the dominion and control of her property. It is patent that she intended no longer to conduct her business, because she could not, under the mortgage, use a dollar of the proceeds of the sales of her stock to replenish it until she had fully paid the $4,251 and interest, in cash, out of the sales of a stock that was worth but a small margin above the amount. She had no other means of replenishing it, and she could not have conducted her business as a merchant without replenishing it. It is patent that she intended by this mortgage to surrender the dominion and control of her property to the bank, because by its terms she did in fact do so. The value of the property was so little above the amount of the mortgage debt that it could not be expected, in view of the fact that the stock must be sold out without replenishing it, that she could realize from it more than the amount of the debt; and hence, while she nominally retained the possession, she really held it in trust as the agent and for the sole benefit of the bank. The terms of the mortgage prohibited her from using one dollar of the proceeds of the sales for her own services or living expenses; they required all the proceeds to be paid over daily to the bank; they prohibited her from removing any article from the store, or disposing of any article otherwise than for cash, until the entire debt was paid; and they gave the bank the absolute right, in case she failed to comply with these terms, or in case it deemed itself insecure, to deprive her of the poor privilege of this nominal possession, and to sell the whole property

at public auction before the debt fell due, and apply the proceeds to the payment of its debt, to the exclusion of every other creditor of the mortgagor. This mortgage has the same practical operation and effect that an assignment to the bank giving it a preference for the $4,251, and containing a provision that the assignor should act as the bank's clerk in making the sale of the goods without compensation until the bank discharged her, would have had. The defendant Mathews, under this instrument, is in effect the clerk of the bank, subject to discharge at any moment, under a contract to serve without compensation. That the form of the instrument is a chattel mortgage cannot take it from under the ban of the statute. The statute cannot be evaded by such a subterfuge. Its evident purpose was to prevent an insolvent debtor who had made up his mind that he could no longer proceed with his business, and that it was necessary for him to surrender the dominion of his property, from then preferring one or more of his creditors to others. It is a remedial statute, and must be liberally construed, so as to advance the remedy it provides, and prevent the preferences it prohibits.

Under the proofs, as they now stand, the execution of this chattel mortgage created a trust for the benefit of all the creditors of the defendant Mathews under the proviso of section 4660. If, at the final hearing, a state of facts different from that presented upon the pleadings and affidavits before me is developed, the proceeds of the property will be decreed to the parties entitled to them, but, as the case now stands, the application to set aside the order appointing the receiver, and to vacate the injunction, must be denied.