CHAVENT **v.** SCHEFER et al.

(Circuit Court, S. D. New York. January 6, 1894.)

JUDGMENTS—RES JUDICATA—CORPORATIONS.

A decree distributing the assets of a dissolved corporation, and discharging the trustees, prevents a creditor, who was a party to the suit, from maintaining a subsequent bill against the trustees to reach unpaid stock subscriptions.

In Equity. Suit by Philippe Chavent against Carl Schefer and others, trustees, to reach unpaid subscriptions to the stock of a corporation. Heard on a plea in bar. Plea sustained.

Lorenzo Semple, for orator.
Robert Hunter McGrath, Jr., for defendants.

WHEELER, District Judge. According to the bill, the defendants were stockholders, who had put in a plant towards, and had not really paid for, their stock in full, and were the trustees, of the Town of Union Mill Company, a corporation of New Jersey, of which the orator was a creditor; and which became insolvent and was dissolved, and its assets were divided ratably among its creditors, including him, leaving a balance of $3,361.47 due him. The corporation act of 1875, as amended by the supplementary acts, provides:

"Where the whole capital of the corporation shall not have been paid in, and the capital shall be sufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share, as fixed by the charter of the company, or such proportion of that sum as shall be required to satisfy the debts of the company."

The bill is brought in behalf of the orator and all other creditors to reach the true balance of the unpaid subscriptions. The defendants have pleaded that in a suit between the orator and the Town of Union Mill Company in the court of chancery of New Jersey, upon the petition of the orator to be paid in full his judgment against the defendants, trustees of that company, it "appearing to the court that said trustees had sold and disposed of all the property of said company in winding up its affairs after its dissolution, and that there remained in their hands, as such trustees, after the payment of their necessary disbursements and the preferred debts against said

company, the sum of eleven thousand two hundred and six dollars and twenty-two cents, ($11,206.22,) to be distributed among the unsecured creditors, and that there is due to said unsecured creditors, respectively, the following amounts, that is to say: To the said complainant the sum of forty-eight hundred and fifty-three dollars and thirty cents," and to the defendants various sums,—it was "ordered and decreed by the chancellor that said trustees pay, out of said moneys so in their hands to be distributed, in the first place the sum of two hundred dollars ($200) to the counsel of said complainant, and the sum of two hundred dollars ($200) to the counsel of said trustees; and that they distribute and pay the residue of said moneys so remaining in their hands in manner following, that is to say: To said complainant the sum of fourteen hundred and ninety-one dollars and eighty-three cents, ($1,491.83,) and to said Schefer, Shramm, and Vogel the sum of ninety-one hundred and fourteen dollars and fifty-six cents, ($9,114.56,) and to said Luckmeyer and Schefer the sum of one hundred and ninety-nine dollars and eighty-three cents, ($199.83;)" and "that, upon payment to said complainant of said sum of fourteen hundred and ninety-one dollars and eighty-three cents, said trustees be finally and fully discharged from all further liability to said company, or the stockholders or creditors thereof."

This plea has been argued, and its validity seems to depend upon whether what is sought to be reached now should have been carried into that decree, and is merged in what was decreed there, so as not to have been left to become the subject of another decree. Whatever was a part of and belonged with what was adjudicated upon as a subject of recovery there should have been brought in and made a part of the decree, and, whether actually brought in or not, became merged in the decree as passed upon, or waived. Cromwell v. County of Sac, 94 U. S. 351. The parties here were all before the court of competent jurisdiction there. The subscriptions for stock really unpaid were assets of the corporation for the payment of debts at the suit of creditors, or those standing in their right, although the corporation itself might not have been in a plight to recover them. Sawyer v. Hoag, 17 Wall. 610; Scovill v. Thayer, 105 U. S. 143. These subscriptions were a part of, and belonged with, the assets which the orator had a right to have, and did have, marshaled for the payment of his debt, and would, if his claim had been maintained, have by so much increased the amount to be distributed to him. Case v. Beauregard, 101 U. S. 688. Whether then brought in or not, they appear to have been so merged or waived as not to be proper subjects for another decree elsewhere.

Plea adjudged sufficient.