PLUME & ATWOOD MFG. CO. et al. v. BALDWIN et al.

(Circuit Court, S. D. New York. June 14, 1898.)

1. CREDITORS' SUIT—JUDGMENT TO SUPPORT.

The allowance of a claim against an assigned estate in an insolvency proceeding is such a judgment as will support a creditors' bill.

2. EQUITY—JURISDICTION—RESIDENT AND NONRESIDENT EXECUTORS.

Where there are two executors of an estate, one resident in the state where the property is situated and one nonresident, courts of equity within the state have jurisdiction to decree a discovery and accounting against the resident executor without the presence of the nonresident.

3. CREDITORS' SUIT—PRINCIPAL DEBTOR NONRESIDENT—JURISDICTION.

The fact that the principal debtor in a creditors' bill is a nonresident, and cannot be served, does not oust the jurisdiction of the court to decree against resident defendants such relief as may be proper as against them alone.

This was a creditors' bill by the Plume & Atwood Manufacturing Company and the Scoville Manufacturing Company against Lewis S. Baldwin, Isaac P. Baldwin, Eli Baldwin, Walter S. Baldwin, and Charles E. Wilmot, as executors of the last will and testament of Lemuel H. Baldwin, deceased. The cause was heard upon pleas to the bill filed by certain of the defendants.

Hutchinson & Newhouse, for plaintiffs.
Richard M. Bruno and George Hastings, for defendants.

TOWNSEND, District Judge. This suit stands upon pleas to a bill in equity. The bill alleges that Lewis S. Baldwin, of Chicago, Ill., made an assignment for the benefit of creditors in Cook county, Ill., and under the assignment judgment was rendered in favor of the complainants; that the property so assigned was practically valueless; that Lemuel H. Baldwin, a brother of Lewis, died in New York City, leaving an estate exceeding $70,000, and a will by which Lewis was given $10,000 and one-tenth of the residuary estate, and in which the defendants Eli Baldwin, Walter S. Baldwin, and Charles E. Wilmot were appointed executors; that Lewis, upon being examined under oath in the insolvency proceedings in Cook county, stated that he had assigned his interest under his brother's will to Isaac P. Baldwin, a citizen of Virginia, which assignment was fraudulent and void; and the bill claims a discovery as to the assignment, and as to whether the executors have paid over the interest of Lewis S. Baldwin under said will; and that the assignment be declared void, and that the interest of Lewis under the will be paid to the complainants and other judgment creditors. Lewis S. Baldwin, Isaac P. Baldwin, severally, and Eli and Walter S. Baldwin, as executors, plead that the complainants did not obtain judgments against Lewis; that Charles E. Wilmot and the complainants are citizens and residents of Connecticut; that Isaac P. Baldwin is a citizen and resident of Virginia, and Lewis S. Baldwin of Illinois. Walter S. Baldwin has died since the service of process. No attempt has been made to serve the defendant Charles Wilmot with process, and he has not been served. The executors are all described as of New York, and

87 F.—50

defendants claim that the bill should be dismissed, because they are not alleged to be citizens of New York. It would have been proper to allege that the defendant executors were citizens of New York. The statement that they are of New York is not such an allegation; but, as it is not denied that those who have been served are actually citizens of New York, and no mention is made of this point in the pleas, an amendment should be allowed.

As to the judgments, the fact seems to be that the claims, verified by oath, were duly presented in the insolvency proceedings in Illinois, and, in the absence of any objection, were allowed, and that this is all that is required to establish the debt in that proceeding. A judgment in a court of law is not always indispensable to the bringing of a creditors' bill, and should not be required in the present instance. Case v. Beauregard, 101 U. S. 688.

Complainants, at the time they brought this suit, say that they supposed that Wilmot was a citizen of New York, and he has not been served with a process. Unless he is an indispensable party, the court ought not to be ousted of jurisdiction. The estate is in settlement in New York, and the property situated there. I think that the court can have jurisdiction as against the resident executor without the presence of Wilmot, at least so far as to require a discovery and account. Clifton's Adm'r v. Haig's Ex'rs, 4 Desaus. Eq. 330; Stewart v. Canal Co., 1 Fed. 361; West v. Randall, 2 Mason, 196, Fed. Cas. No. 17,424; Footman v. Pray's Ex'rs, R. M. Charlt. 291; Shorter v. Hargroves, 11 Ga. 658. If the defendants Lewis S. Baldwin and Isaac P. Baldwin, who cannot be served with process, being out of the jurisdiction, do not choose to submit to the jurisdiction of the court, this will not oust the court of jurisdiction as to the defendant who has been properly served. The pleas will be overruled upon an amendment being filed describing Eli Baldwin as a citizen of New York, and dropping Wilmot as defendant.