WORRELL v. WHITNEY et al.

(District Court, E. D. Pennsylvania. March 10, 1911.)

No. 2.

JUDGMENT (§ 570*)—DISMISSAL ON MERITS—RES JUDICATA.

Where a former suit in equity was dismissed because of complainant's failure to establish an essential element of his cause of action, the dismissal was on the merits, and the decree, in the absence of qualifying words, was res judicata, precluding the maintenance of a subsequent suit on the same cause of action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

In Equity. Suit by Hibberd B. Worrell, as trustee in bankruptcy, etc., against Daniel Whitney and others. On plea of res judicata. Sustained.

George W. Harkins, Jr., for complainant.
Henry P. Brown, for defendants.

J. B. McPHERSON, District Judge. This is precisely the same controversy between the same parties that was litigated in a previous action. Worrell v. Whitney et al. (D. C.) 179 Fed. 1014. The decree then entered is now attacked collaterally in a second suit, and the question of its effect is raised by the plea. In Wilson v. Smith, 126 Fed. 916, 61 C. C. A. 446, the Court of Appeals for the Third Circuit states the rule that governs the dispute:

"A decree dismissing a bill in equity, which is absolute in its terms, unless made upon some ground which does not go to the merits, is a final determination of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties. Durant v. Essex Co., 7 Wall. 107, 19 L. Ed. 154; Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004. And in the absence of words of qualification accompanying the decree, such as 'without prejudice,' and other terms indicating a right or privilege to take further proceedings on the subject, the decree of dismissal is presumed to be rendered on the merits."

A reference to the opinion and decree in the former action will show that this presumption is in accordance with the fact, and that the case has once been actually heard and determined on the merits. In that proceeding the plaintiff was bound to show that the bankrupt firm was insolvent when the alleged preferential transfer was made. Upon that issue he offered some testimony, but did not offer enough. He

proved that the firm as an entity was insolvent; but he failed to prove that the individual members were also insolvent, and for that reason alone the court decided against him. The decision was not based upon any defect in the pleadings, or upon lack of jurisdiction, or upon the existence of an adequate remedy at law, or upon any other ground that might be described as technical, but was solely upon one branch of the merits of the case. In other words it was essential to the plaintiff's success that he should prove the complete insolvency of the bankrupt firm. He proved it partially, but not completely, and for this lack of proof the bill was dismissed. In my opinion this was final upon that point, and the former decree is therefore a bar to the present action. Roney v. Westlake, 216 Pa. 374, 65 Atl. 807, 116 Am. St. Rep. 772; Corry v. Chair Co., 18 Pa. Super. Ct. 281; Nesbit v. Riverside District, 144 U. S. 618, 12 Sup. Ct. 746, 36 L. Ed. 562; Dowell v. Applegate, 152 U. S. 343, 14 Sup. Ct. 611, 38 L. Ed. 463; Southern Pac. R. R. v. U. S., 168 U. S. 48, 18 Sup. Ct. 18, 42 L. Ed. 355; Harrison v. Paper Co., 140 Fed. 400, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954; 24 Am. & Eng. Ency. 717, 718, note 6; Id. 781, § 5, note 3; 23 Cyc. 1291, IV.

The plea in bar is therefore good, and upon that plea the defendants are entitled to a decree dismissing the bill.