Allen, P.
The sheriff of Randolph county having sold a tract of land in said county on the 24th of September 1850 for the nonpayment of taxes due *524 thereon, the appellee became the purchaser, as appears by the list of sales returned by the sheriff, and received the sheriff his receipt for the price. The sale was ^ie entire tract; and on the 29th of June 1853 ^ie survey°r c°nnty made a report in pursuance ’ of the act found in the Code, ch. 37, § 15, p. 203 ; and the appellee moved the court to have it recorded. The motion was continued ; and at the July term the appellee renewed his motion to have the report admitted to record. Certain persons appeared and resisted the motion; and the court being of opinion there was objection to the recording of the report, entered an order that the same be not recorded. The appellee excepted to the opinion and decision of the court, spreading the facts proved on the record; and afterwards presented his petition to the Circuit court of said county referring to and making the record and proceedings of the County court on the motion to record the surveyor’s report, part of his petition, and-asking for a mandamus to compel the County court to record the report.
A rule in the nature of a mandamus nisi was awarded; to which the County court made return, declining to order the surveyor’s report to be recorded, for causes assigned.
The first, that the deputy sheriff who sold the land was at the time of the sale interested in the purchase; there being an agreement between him and the purchaser that he should have half of the land purchased, and that the purchase was made in pursuance of such agreement. Second, that the report was made by the surveyor on information derived from said purchasers, and does not set out the owners of adjoining lands. And in the third place, that the land had been redeemed by a payment to the clerk of the county, by whom the return does not show, on the 19th of August 1S52 ; and also by a tender to the appellee on the 31st *525 of October 1853, by the agent of parties claiming to be the equitable owners of the land, of the amount paid by the appellee, with interest at the rate 10 per centum per annum, up to the time of the tender,
The Circuit court deeming the return insufficient, awarded a peremptory mandamus ; from which decision the justices have appealed to this court.
The principal questions presented by the record have been settled by the decision of this court in the case of Delaney v. Goddin, 12 Gratt. 266. That case was elaborately argued and maturely considered; and all the judges were of opinion that the authority of the County court was limited to the enquiry whether the report of the surveyor is in conformity with the provisions of the section under which it is made; and if free from objection in this respect, it becomes the imperative duty of the court to order the report to be recorded. And a majority of the court held, that in passing on .such question the County court is vested with no judicial power, but acts in a capacity purely ministerial; and that an error in refusing to order the report of the surveyor to be recorded, can only be corrected by mandamus.
The objections growing out of the alleged complicity of the sheriff with the purchaser, or whether the taxes and damages and cost of survey, where a survey was made, were paid by a party authorized by law to redeem, to the proper party and within the proper time, are matters not appearing on the report or the list of sales, or any thing connected therewith. The proper determination of them would involve enquiries into matters of law and fact, which the County court, acting ministerially and in this ex parte proceeding, cannot, in conformity with the decision in the case referred to, enter into. The survey and report returned by the surveyor describes the land with great particularity, referring to numerous natural ob *526 jects, and naming.many individuals through whose ^anc^s or near to whose lands or houses the lines of the in question passed. But he further certifies there are no lands owned known to adjoin the above naméd ^rac^' object of the report and survey is to give such description of the lands sold as will identify them. Specifying the metes ■ and bounds and the names of the owners of -adjoining tracts is the mode pointed out to identify them. The description given does identify the land by the lines as surveyed and the calls for all the other objects set out in the report. The survey is for the benefit of the purchaser, and can affect the rights of no other person. The materiality of a survey is apparent when made under the 14th section of the aet, which provides for a survey where but part of a tract is sold, and directs how it shall be made; but where the whole tract is sold, the only effect of the survey is to furnish the purchaser with such a description as may identify the land. The surveyor must report such facts as may serve to describe and identify it. He acts officially, and cannot report the names of the owners of adjoining tracts, if they are not known to him. Whether other tracts do adjoin or not, might involve enquiries as to the boundaries of those tracts and an attempt to try questions without having the parties before the court, and without the means of arriving at a correct conclusion. I think the report comes up to the requisitions of the statute, and gives such a description of the land sold as will identify the same, and it was the duty of the court to order it to be recorded.
I think the judgment should be affirmed with thirty dollars damages and costs.
The other judges concurred in the opinion of Allen, P.
Judgment affirmed.