# Richmond.

## PAUL v. BAUGH AND ALS.

### April 4th, 1889.

1. FRAUDULENT CONVEYANCES—*Preferences.*—Debtor in failing circumstances may make valid assignment of all his property, giving preferences as between his creditors, in the absence of fraud, which must always be proved by the alleger with clearness and certainty.

2. IDEM—*Badges of fraud.*—The following are *not* badges of fraud : That debtor, pending actions against him, threatens to protect himself if they are pressed, and makes assignment postponing the claims of the suing creditors ; that the bonds of the preferred creditors are antedated without their knowledge ; that until the bonds of the preferred creditors mature, namely, eleven months after date of assignment, grantor retains possession and takes the profits, and sale to be made by trustee on request of any creditor ; that grantor secures debt of suing creditor on condition of a release of one half thereof, and conveys all his property, except an equity of redemption in property, the incumbrances on which exceed its value, and a small amount of exempted personalty ; or that the preferred creditors failed to list for taxation the bonds evidencing their claims.

3. IDEM—*Purchasers for value without notice.*—Fraud on grantor's part without notice thereof to trustee and beneficiaries cannot affect the validity of the deed.

4. DEEDS—*Admission to record.*—A clerk who counseled grantor in preparing assignment, and who is trustee therein, may validly admit it to record, such act being merely ministerial.

Appeal from decree of hustings court of Petersburg, rendered in suit of Peter Paul, who is the appellant, against W. W. Baugh and others, to cancel a trust deed executed by Baugh to A. S. Edwards to secure certain debts, on the ground that said deed was intended to hinder, delay and defraud creditors. The

decree dismissed the bill, and Paul appealed. Opinion states the case.

*Alexander Hamilton,* and *William H. Mann,* for the appellant.

*Charles F. Collier, W. Land, T. G. Watkins,* and *Cocke & Gilliam,* for the appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit in the hustings court of the city of Petersburg to set aside a certain deed of trust which was executed on the 1st of July, 1885, by the appellee, W. W. Baugh, conveying certain real estate, and the personalty thereon, in Surry county, to A. S. Edwards, trustee, to secure the payment of certain debts due by the grantor, and enumerated in the deed. Among these debts was one due to W. W. Baugh, Jr., a son of the grantor, evidenced by bond dated June 1, 1885, payable one year after date, for $490, and a debt due to John C. Baugh, another son of the grantor, also evidenced by bond dated June 1, 1885, and payable one year after date, for $380. These debts, with others, were put in the second class.

Among the creditors of the grantor, at the date of the deed, was the plaintiff in the court below, who is the appellant here. This indebtedness amounted in the aggregate to about the sum of $4,000, and for which judgments were obtained by the appellant at the July term, 1885, of the said court, which began the day after the deed was admitted to record in the clerk's office of the county court of Surry county. The trustee, Edwards, as the counsel of the grantor, drew the deed, and, as clerk of the court, admitted it to record.

The appellant's debt was placed in the third class. The provision of the deed in respect to it is that "after paying the expenses of this trust and the debts aforesaid, then, thirdly, to secure to Peter Paul, of Richmond, Virginia, the payment of

the sum of two thousand dollars, which the said W. W. Baugh has agreed to pay to him in full compromise of all differences between them, which sum shall bear interest from the date of this deed until paid."

The bill seeks to avoid the deed on the ground of fraud, and it makes the trustee and the creditors (other than the appellant) secured in the deed parties defendant. It charges that the deed was made with intent to hinder, delay, and defraud the plaintiff, and that the debts secured to the two sons of the grantor, above-mentioned, are fraudulent and void. And sundry alleged badges of fraud are set forth in the bill.

The grantor, who was also made a defendant, answered the bill, denying the charges of fraud, as did the trustee and the rest of the defendants.

The cause was in due time referred to a master commissioner to take—(1) an account of all the property, real and personal, of the grantor at the date of the deed, and to ascertain and report its fee simple and annual value; (2) an account of the liens thereon, with their dignities and priorities; and (3) to make inquiry and report as to all the facts connected with the alleged fraudulent character of the deed.

The commissioner, in execution of this decree, examined a number of witnesses, and reported in favor of the validity of the deed and of the debts secured thereby. To this report the plaintiff excepted. The exceptions, however, were overruled, and the deed sustained *in toto* by the decree complained of.

One of the grounds upon which the deed and the debts therein secured to the sons of the grantor were charged to be fraudulent was, that before the commencement of the actions in which judgments were obtained by the appellant against the grantor, and pending those actions, the grantor threatened that if the actions were pressed he would take steps to protect himself, and that about the same time, in conversations with the attorney of the appellant, he stated what he said was about the amount of his indebtedness, but made no mention of any indebtedness on

his part to his sons, or to either of them. And great stress was laid in the argument upon this point.

The mere fact, however, that the deed was made during the pendency of the actions, and under the circumstances just mentioned, does not affect the validity of the deed, in the absence of fraud, and we do not discover in the record any evidence to sustain the charge of fraud, which to avail in such a case, must always be proved with clearness and certainty. *Matthews* v. *Crockett*, 82 Va. 394; *Hickman* v. *Trout*, 83 Id. 478. This court has repeatedly decided that the execution of a deed, pending a suit against the grantor by a creditor, and a short time before the term at which it was probable judgment would be rendered against him, does not of itself vitiate the deed, and that a debtor in failing circumstances may make a valid assignment for the benefit of his creditors, and may make preferences as between them. To make such preferences is neither illegal nor immoral when not prohibited by statute. *Brooks* v. *Marbury,* 11 Wheat. 78; *Skipwith* v. *Cunningham,* 8 Leigh, 271; *Sipe* v. *Earman,* 26 Gratt. 563; *Gordon* v. *Cannon,* 18 Id. 387; *Williams* v. *Lord & Robinson,* 75 Va. 390. Besides, even if there had been fraud on the part of the grantor, such fraud could not affect the rights of the trustee and the creditors secured by the deed, without notice of the fraud, and no such notice is proved. 2 Lom. Dig. 323; *Rixey* v. *Deitrick, ante,* p. 42, and cases cited.

The evidence in the case not only fails to establish the charge that the debts to the sons of the grantor are fictitious and fraudulent, but it shows the contrary. Both deny the charge in their answers, and also in their depositions, which were taken. It seems that the bonds by which their debts are evidenced were written when the deed securing them was prepared, and were antedated one month. But this is explained by the trustee in his deposition, who also wrote the bonds for the debtor to sign, and it does not appear that either of the sons were aware of the fact that the bonds had been antedated. The debts were due more than a month before the date of the deed,

and the fact, therefore, that the bonds were antedated is not a circumstance of any significance as tending to prove fraud.

It is also true the debts were not listed for taxation, but that does not prove that they were fraudulent, although, standing alone, it would be a circumstance of suspicion. *Moore* v. *Ullman,* 80 Va. 317. There is no explanation in the record as to why they were not listed, but the uncontradicted evidence shows that they are *bona fide.* The items and dates of the advances from time to time made by the sons, respectively, to their father, who were doing business on their own account, and not residing with their father, are given with particularity, and the statements of W. W. Baugh, Jr., as a witness are in large measure corroborated by the witness, Ramey. We lay out of view the declarations of the debtor upon which the appellant relies, because they were not made in the presence of or assented to by the sons, and are not evidence against them.

Nor can the objection to the deed be sustained on the ground that it reserves to the grantor a power incompatible with and adequate to the defeat of the avowed purpose of the deed. It provides that until the maturity of the aforesaid bonds to the sons of the grantor—namely, eleven months after the date of the deed—the grantor shall remain in possession of the property conveyed, and take the profits thereof to his own use, and then sale to be made by the trustee, if requested by any creditor, etc. Such a provision is a common one in deeds of trust to secure creditors, and does not of itself invalidate the deed. The question in such cases generally is, whether the time to which the sale is postponed is reasonable or not, and if unreasonable, that circumstance, in connection with others, may be taken as proof of fraud.

In *Brockenbrough* v. *Brockenbrough,* 31 Gratt. 580, it was said in the course of the opinion, delivered by Judge Burks, that while there may be provisions in a mortgage or deed of trust of such a character as of themselves to be evidence of fraud—such as a reservation of a power in the grantor over the property con-

veyed incompatible with the avowed purposes of the trust (*Lang*
v. *Lee*, 3 Rand. 410)—yet that no irresistible inference of a
fraudulent intent is deducible either from a provision postponing
a sale of the property for a reasonable length of time, and
reserving the use thereof to the grantor in the meantime, or
from the omission, as in the present case, to annex a schedule of
the property, or from all of these circumstances combined. And
to the same effect are numerous cases. *Lewis* v. *Caperton*, 8
Gratt. 148; *Cochran* v. *Paris*, 11 Id. 348; *Dance* v. *Seaman*,
Id. 778; *Sipe* v. *Earman*, 26 Id. 563; *Williams* v. *Lord & Robin-
son*, 75 Va. 390; *Young* v. *Willis*, 82 Id. 291; *Keagy* v. *Trout*,
*ante*, p. 390.

Another objection made to the deed is, that it does not convey
all the property of the grantor, and yet requires of the appellant
a release of one-half of the amount of his debt, which renders
the deed, it is contended, void as to him.

It is undoubtedly well settled that a provision in a deed secur-
ing creditors which provides for the payment of the debts on the
terms of a release by the creditors, is not valid, unless all the
debtor's estate is conveyed by the deed. In other words, an
embarrassed debtor cannot protect a part of his property by
surrendering another part. But here all, or substantially all,
of the grantor's property was, in fact, conveyed. It is true he
has an equity of redemption in certain real estate not conveyed,
but the prior encumbrances on the property, as shown by the
record, far exceed its value, so that if it had been embraced in
the deed, the security of the deed would not have been strength-
ened. And as to the small amount of personalty belonging to
the grantor and not embraced in the deed, the value of which
does not exceed the sum of $15, as shown by the commissioner's
report, that is secured to the grantor by the exemption laws of
the State, and its omission, therefore, does not affect the validity
of the deed. And the same may be said of the reserved profits
of the land for the period mentioned.

In *Gordon* v. *Cannon*, 18 Gratt., *supra*, it was said by the court

that in a case like the present, any omission of property for the purpose of securing a substantial benefit to the debtor (except such property as may be exempt by law from distress or levy) conclusively shows an intention to hinder and defraud creditors, but that the omission of a comparatively small amount, where all is substantially conveyed, does not avoid the deed in the absence of a fraudulent intent. In such a case "the deed essentially complies with the requirements of the law." See also *Skipwith* v. *Cunningham,* 8 Leigh, 271; *Phippen* v. *Durham,* 8 Gratt. 457.

But it is insisted that inasmuch as Edwards, the trustee in the deed, as clerk, admitted it to record, and also acted as the counsel of the grantor in advising and preparing it, its alleged recordation is void, and therefore that the judgments of the appellant are paramount to the deed, whether it be valid or not. The ground of this contention is that the act of admitting a deed to record is of a judicial character, and hence cannot be performed by one who, as counsel, prepared the deed, or who is a party to, or has any interest in or under it. And *Davis* v. *Beazley,* 75 Va. 491, is cited as an authority for this position.

In that case it was decided that a clerk, who is the grantor in a deed, cannot take his own *acknowledgment* of it before himself in his official character, because, as the court said, these functions partake of a judicial character, and no man can be a judge in his own cause. But this principle is not applicable here, as it is well settled by the decisions of this court that admitting a deed to record is merely a ministerial act, which the clerk or court cannot lawfully refuse to perform, and which may be compelled by a *mandamus. Dawson* v. *Thurston,* 2 H. & M. 132; *Manns* v. *Givens,* 7 Leigh, 689; *Randolph* v. *Stalnaker,* 13 Gratt. 523; *Carter* v. *Robinett,* 33 Id. 429; 2 Min. Inst. 867.

We find no error in the decree of the hustings court, and the same is affirmed.

DECREE AFFIRMED.