### TALLEY et al. v. CURTAIN et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1893.)

#### No. 33.

1. CREDITORS' BILL — WHEN MAINTAINABLE — ASSIGNMENT FOR BENEFIT OF CREDITORS.

A creditors' bill to set aside an assignment of all the debtor's property for the benefit of creditors may be maintained though plaintiff's claim

has not been reduced to judgment, when such claim is recognized and provided for in the deed of assignment, and is not disputed by the pleadings, since it is obvious that a judgment and execution would afford no remedy at all, and that there is no remedy at law. 46 Fed. Rep. 580, affirmed.

2. SAME—EQUITY JURISDICTION—RIGHT OF TRIAL BY JURY.
    The debt being thus solemnly admitted by all parties, and the principal question being as to the validity and construction of the trust created by the deed of assignment, equity jurisdiction cannot be defeated on the ground that, the claim being for a money payment exceeding $20, the defendants are entitled to trial by jury under the seventh amendment to the constitution of the United States. 46 Fed. Rep. 580, affirmed. Scott v. Neely, 11 Sup. Ct. Rep. 712, 140 U. S. 106, distinguished.

3. SAME—PARTIES.
    In such case the court has power to make a decree affecting the right of creditors preferred in the assignment, although they are not parties, for it is sufficient that the trustee who represents them is in court.

4. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY—PREFERENCES.
    In Virginia, the fact that an assignment for the benefit of creditors contains preferences is not in itself a badge of fraud rendering the assignment invalid.

5. SAME—TRUSTEE—AUTHORITY TO WORK UP MATERIALS.
    In Virginia, the fact that an assignee for the benefit of creditors is authorized in his discretion to complete the manufacture of material on hand and partly finished, and thus preserve it, is not an indication of fraud which will invalidate the assignment.

6. SAME—ASSIGNOR'S MISCONDUCT.
    Where an assignor for the benefit of creditors, after opportunity, fails to explain his purpose in collecting sums of money, some quite large, immediately preceding the assignment, or to show what disposition, if any, he has made thereof, though no act preceding the deed of assignment suggested fraud to the assignee, and there was nothing therein to excite his suspicion, such instrument may be held good as to the assignee, though the assignor, by his conduct, has forfeited his right to a provision for release therein contained.

7. CREDITORS' BILL—PRIORITIES—STATE PRACTICE.
    The fact that by statute in Virginia a complainant in a creditors' bill obtains priority of payment, does not give him such priority when the suit is brought in the United States circuit court within such state. Scott v. Neely, 11 Sup. Ct. Rep. 712, 140 U. S. 106, followed.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

In Equity. Creditors' bill, filed by Curtain & Corner, suing for themselves and others, against Williamson Talley, trustee, and Ernest H. Chalkley. Decree for complainants. 46 Fed. Rep. 580. Defendants appeal. Reversed in part.

J. Alston Cabell and Legh R. Page, for appellants.
A. L. Holladay and Wm. Flegenheimer, for appellee.

Before BOND and GOFF, Circuit Judges, and SIMONTON, District Judge.

SIMONTON, District Judge. Ernest H. Chalkley, a citizen of Virginia, resident in Richmond, became insolvent. He thereupon executed his deed, with the expressed desire to convey all of his property of every kind and description in trust to secure the payment of his debts. Carrying out this intent, he conveyed certain

property described to Williamson Talley, as trustee in fee, and adds these general words:

"All other property of every kind and description, whether real or personal, and all debts, claims, rights, and securities to which said Ernest H. Chalkley may be entitled, as fully and effectually as if the same were specifically mentioned herein and were hereby specifically conveyed."

Among the creditors whose names are mentioned as cestuis que trustent of the deed, and whose claims are specifically admitted, are Curtain & Corner. The notes due to them are set out in detail. Being dissatisfied with the terms of the assignment, they filed a creditors' bill, seeking to set it aside as fraudulent and void. The assignor and assignee answer severally. Each denies the fraud. No objection is made to the form of the bill or to the jurisdiction of the court in the pleadings. At the hearing the jurisdiction of the court was challenged. The court below overruled the objection, and this (which is the ground of the first exception) meets us at the threshold of the case. Can a general creditor institute proceedings in equity to set aside as fraudulent the deed of his debtor, there being no judgment at law on his claim, and no unsatisfied execution?

Two reasons are suggested in argument why this question should be answered in the negative: First. That the practice of the court of equity always has been to refuse its assistance to a creditor seeking to set aside the deed of his debtor for fraud until he has first secured a judgment at law, issued his execution thereon, and has procured a return of nulla bona. Second. That by the constitution of the United States the right of trial by jury is preserved in suits at common law when the value in controversy exceeds $20. And that, inasmuch as the court of equity has no jury, it cannot give relief in cases in which the basis of relief is a money demand exceeding that sum, the court being called upon, in the first instance, to establish the validity of the debt.

We will examine these. Stated as a general proposition, there can be no doubt that courts of equity require a judgment and execution and return as a condition precedent to setting aside the deed of a debtor for fraud. Day v. Washburn, 24 How. 355; Jones v. Green, 1 Wall. 331; Smith v. Railroad Co., 99 U. S. 401. The principle of the rule is this: Before one can come into the court of equity, it must appear that he has not a plain, adequate, and complete remedy at law. If he have a legal remedy, he must exhaust it. The requirement of the judgment at law, execution and return thereon, is the best evidence of this. Can it be shown in any other way? Equity will never require an act to be done which necessarily will result in failure, or which would be but an idle effort. "When the tender or performance of an act is necessary to the establishment of a right against another party, this tender or offer of performance is waived or becomes unnecessary when it is reasonably certain that the offer will be refused." U. S. v. Lee, 106 U. S. 202, 1 Sup. Ct. Rep. 240. In Sage v. Railroad Co., 125 U. S. 376, 8 Sup. Ct. Rep. 887, a suit by a creditor to set aside a deed, it was objected that he had not sued out his execution, and that return thereon had not been made. The court

overruled the objection. "Suing out the execution would, according to the facts and the admission of the parties, have been an idle ceremony." In Case v. Beauregard, 101 U. S. 691, the general question is discussed, and the conclusion is reached that a judgment at law is not necessary if the necessity of the resort to a court of equity can be otherwise made to appear. "But, after all, the judgment and fruitless execution are only evidence that his legal remedies have been exhausted, or that he is without remedy at law. They are not the only possible means of proof. The necessity of a resort to a court of equity may be made otherwise to appear. Accordingly the rule, though general, is not without many exceptions. Neither law nor equity requires a meaningless form, 'bona sed impossibilia non cogit lex.' " Now, in the deed before us the debtor not only professes to convey and assign, but in fact in express words does convey and assign, all his property and rights of property to a trustee in fee. He has thus parted irrevocably, as far as he is concerned, with all his assets. They are, under this deed, converted into equitable assets, and can be reached only in a court of equity. A judgment at law could create no lien on them; an execution consequent on such a judgment could not reach them. The return of nulla bona is not only a foregone conclusion; it would be an idle ceremony. The complainant not only can have no plain, adequate, and complete remedy at law; he has no remedy at law at all. The language of the supreme court in Oelrichs v. Spain, 15 Wall. 228, is not inappropriate:

"Where the remedy at law is of this character, [plain, adequate, and complete,] the party seeking redress must pursue it. In such cases the adverse party has a constitutional right to a trial of the issues of fact by a jury. But this principle has no application to the case before us. Upon looking into the record, it is clear to our minds, not only that the remedy at law would not be as effectual as the remedy in equity, but we do not see that there is any effectual remedy at all at law. Besides, there is an element of trust in the case which, wherever it exists, always confers jurisdiction in equity."

This brings us to the second objection to the jurisdiction,—that the court of equity, having no jury, cannot pass upon this money demand which exceeds $20. Upon this branch of the case, Scott v. Neely, 140 U. S. 112, 11 Sup. Ct. Rep. 712, is relied on. The case of Scott v. Neely came from the circuit court of the United States for the district of Mississippi. Scott had been engaged in planting, having for his factors Neely's firm. He was not successful, and the complainants alleged that he owed them as his factors $2,000 on a note, and on a balance or open account for advances, $6,264.89. Scott, during his planting operations, had purchased real estate, the title of which he put in the name of his wife. Complainants, without establishing their claim at law, filed their bill setting up their demand, claiming judgment for it, and that the conveyance to the wife be set aside, the property sold, and the proceeds of sale first applied to their claim. There is a statute in Mississippi which authorizes the court of equity in that state to entertain such a suit and to give such relief. Scott v. Neely held that the Mississippi statute could not create or confer such a jurisdiction on a court of equity of the United States, and that a court of equity of the United States could not entertain such a suit, because, upon a demand like this, the adverse

party had the right, under the constitution, to his trial by jury. There was no trust. The claim of complainants was strictly on a money demand, the larger portion not liquidated, consisting of an account of advances, interest, credits, and charges. No part of the debt was admitted. It had to be established and proved after opposition and litigation. The contract itself must have been proved. There was nothing to show why the remedy at law was not plain, adequate, and complete. The complainants had first to prove their case, then to set aside the deed; and they claimed that they could enter judgment and secure the first lien. The complainants had no lien on or interest in the property. The main issue in the case was whether the courts of the United States could and would enforce the state statute. It seemed to be admitted on all sides that without such a statute the court had no jurisdiction. The inevitable conclusion was reached that, as state legislatures cannot take away, so they cannot confer, jurisdiction on the courts of the United States. In the present case we have an acknowledged debt, admitted in the most formal way, binding grantor and grantee. The pleadings dispute it in no way. The deed conveys all the property of the debtor in trust for many creditors, among them these complainants, by name and amount. The assignor cannot recall this act of his. The assignee cannot divest himself of the trusts, or diminish the interest of the complainants in them. Indeed, the interest inheres in the complainants themselves; and, although they deny the validity of the deed, and declare it void, if they fail in their contention, it would seem that they can receive their interest under it. The question made in this court—the only question—is the validity of certain trusts in this deed. They are to be passed upon and adjudicated. If their validity be sustained, they will be administered under the supervision of the court. If any of them be held invalid, they will be disregarded. If all the special trusts are invalid, one remains, and that is for all creditors, and that the court can administer with that equality, which is equity. It is true that the complainants deny the validity of the deed. But this denial cannot defeat the trusts, if any exist, nor affect creditors who have come in under this creditors' bill, nor defeat the jurisdiction, which does not depend on the attitude of the complainants. The aid of the court has been sought to construe a trust. Having jurisdiction to do this,—its peculiar province,—it can go on, and give such relief as it may think proper upon the whole case. Story, Eq. Jur. § 64k. In the case of Oelrichs v. Spain, above quoted, 15 Wall. 228, we have seen the court, discussing this same provision of the constitution, use the words: "Besides, there is an element of trust in the case which, where it exists, always confers jurisdiction in equity." In Case v. Beauregard, 101 U. S. 691, also quoted above, the point decided is that whenever a creditor has a trust in his favor, or a lien upon property for a debt due to him, he may go into equity without exhausting his legal processes or remedies. In Scott v. Neely, 140 U. S. 112, 11 Sup. Ct. Rep. 712, the learned justice who delivered the opinion of the court says:

"In all cases in which the court of equity interferes to aid the enforcement of remedies at law there must be an acknowledged debt, or one established by

a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment; or, to speak with greater accuracy, there must be, in addition to such acknowledged or established debt, an interest in the property, or a lien thereon, created by contract or some distinct legal proceeding."

He puts it again:

"It is the existence, before the suit in equity is instituted, of a lien upon or interest in the property, created by contract, or by contribution to its value by labor or materials, or by judicial proceedings had, which distinguishes cases for the enforcement of such lien or interest from the case at bar."

There can be no question that complainants have an interest in the property under this deed. At all events, neither of the defendants, grantor nor grantee, can aver the contrary. If, then, the case comes within the normal jurisdiction of a court of equity of the United States, either because it deals with trusts and equitable assets, or because complainants have no plain, adequate, and complete remedy at law, we escape the provision of the constitution relied on. "This provision, correctly interpreted, cannot be made to embrace the established exclusive jurisdiction of courts of equity, nor that which they have exercised as concurrent with courts of law; but it should be understood as limited to rights and remedies peculiarly legal in their nature, and such as it was proper to assert in courts of law, and by the appropriate modes and proceedings of courts of law." Shields v. Thomas, 18 How. 262.

We overrule the exception, and sustain the jurisdiction. In this connection it must be stated that in Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. Rep. 354, a case just like this was entertained, with no suspicion on the part of the late chief justice, who heard the case on circuit, or of the supreme court, who affirmed him, that the court had no jurisdiction.

The second exception denies the right of the court below to make any order or decree affecting the rights of the preferred creditors in the deed of Chalkley without first requiring them to be made parties. The trustee of this express trust represents all the cestuis que trustent. They need not be made parties. Kerrison v. Stewart, 93 U. S. 156. This exception was properly abandoned at the hearing.

The third and fourth exceptions bring up the question of the validity of the deed. The court below set it aside as fraudulent. In construing this assignment, we follow the decisions of the court of last resort in Virginia. Lumber Co. v. Ott, 142 U. S. 628, 12 Sup. Ct. Rep. 318. In Virginia, the grantee or assignee of a deed like this stands as a bona fide purchaser. To invalidate the deed, notice of the fraud must be brought home to him. Peters v. Bain, 133 U. S. 686, 10 Sup. Ct. Rep. 354. It would appear that it is not the motive or conduct of the maker of the deed which alone can invalidate it. The grantee or assignee must have cognizance of, or at least be put in the way of notice of, the fraud, before the deed can be invalidated. This notice can be had either from the provisions of the deed itself or from facts dehors the deed, known or within the means of knowledge by the grantee. From the testimony taken in the cause there is no reason to suspect that the trustee was cog-

nizant of any fact or circumstance dehors the deed from which he could conclude or be led to the conclusion that the assignor contemplated a fraud. On the notice of fraud on the face of the deed the supreme court in Peters v. Bain uses this language:

"The doctrine in Virginia, settled by a long and uninterrupted line of decisions, is that, while there may be provisions in a deed of trust of such a character as of themselves to furnish evidence sufficient to justify the inference of fraudulent intent, yet this cannot be so except when the inference is so absolutely irresistible as to preclude indulgence in any other."

We have carefully examined the deed, and in the light of this utterance of the supreme court we cannot see an inference of fraudulent intent so irresistible as to preclude indulgence in any other. The deed, after stating the property assigned, and adding the general clause embracing all his property and rights of property of every description, declares the trusts. It puts the trustee in immediate possession of everything connected with his business, his books and papers, and all of his personal property. It gives him discretion to complete the manufacture of leather in the course of manufacture, and to work up the material on hand, with authority to purchase such material as may be necessary for this purpose. If he do not deem this expedient, or if a majority of the creditors secured in this deed object, he is to sell everything as it stands. He has power and instructions to collect in all assets, with authority to pay all necessary expenses, to this end. The proceeds of all sales and the result of all collections are to be distributed among the creditors with preferences: First, the costs and expenses of the assignment, the commissions of the trustee, and fee to the counsel preparing the deed; second, certain debts of Chalkley, accommodation paper and notes due banks, an overdraft in one bank, and one week's wages to his employes; third, certain other debts of Chalkley, among them notes due to complainants, with a general clause, including all debts inadvertently omitted, in which he is principal debtor; fourth, his security debts; fifth, all other creditors. After the fourth class come these words:

"But this deed is made upon the distinct understanding that no creditor hereby intended to be secured in the above classes shall receive any benefit whatever under it unless he shall, within ninety days from the date of its recordation, signify in writing his acceptance of the provisions of this deed, and release the said Ernest H. Chalkley from all further liability for his debt."

The discretion given to the trustee to work up material was not in itself fraudulent; still less does it furnish an irresistible inference of fraud. The business assigned to him was a tannery, and the completion of the manufacture of material in the course of manufacture probably prevented its destruction. Indeed, this same trustee, under the sanction of the court below, did exercise this same discretion. Nor are the preferences a badge of fraud, under the decisions in Virginia. Peters v. Bain, 133 U. S. 680, 10 Sup. Ct. Rep. 354. The decisions of Virginia allow the requirement of a release in an assignment. Skipwith v. Cunningham, 8 Leigh, 271; Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 329. So, treating this deed from the standpoint of the trustee or assignee, and bearing in

v.54 F.no.1—4

mind that no fact preceding the assignment suggesting fraud in its execution was known to him, there was nothing in the deed to excite his suspicion. It had in it provisions known in Virginia, and sanctioned by a long line of decisions of her highest court. But when we examine the facts dehors the deed as made known by the evidence, and discover the conduct of the grantor, we cannot resist the conclusion that his actions were of the most suspicious character, and the inferences of fraud on his part almost irresistible. It is proved that he was in the frequent receipt of sums of money, some of large amount, just preceding—indeed, almost up to—the day on which he made his deed. For this he has had full opportunity of making complete explanation. He has attempted none whatever. What purpose he, had in collecting these sums of money, what use he made of it, whether he made any disposition of it at all,—the answers to these questions he could easily have made. He had not only the opportunity, but the right, to make them. He has said nothing. While the courts in some states, and, among them, the state of Virginia, permit a deed of this kind to require a release as a condition precedent, it is granted reluctantly. It is never permitted unless there is on the part of the assigning debtor a full and free surrender of all of his property, clearly and distinctly, and a frank, unambiguous statement of his affairs. If he demands this benefit, he must do so with clean hands. In this case the position of the assignor before this court is not of this character. So far as we are able to judge of his actions, he withholds important knowledge from his creditors, and he is entitled to no consideration. While the deed is good as to the trustee, this provision for a release, inserted wholly for the benefit of the grantor, cannot be sustained. The conveyance to the trustee can be sustained, although we hold that the debtor has forfeited this provision. Compare Denny v. Bennett, 128 U. S. 489, 9 Sup. Ct. Rep. 134; Cunningham v. Norton, 125 U. S. 77, 8 Sup. Ct. Rep. 804; Peters v. Bain, 133 U. S. 688, 10 Sup. Ct. Rep. 354. With this exception, we uphold the deed, and to this extent sustain the exceptions.

This is a creditors' bill. In this court the complainant in a creditors' bill of this character obtains no priority of payment. Day v. Washburn, 24 How. 355. Such priority may be allowed under the Virginia statute, but this cannot guide this court. Scott v. Neely, supra.

So far as the decision of the circuit court is in conflict with this opinion, it is reversed. Let the case be remanded to that court for such other proceedings as may be necessary.