## FOSTER et al. v. BANK OF ABINGDON et al.

### (Circuit Court, W. D. Virginia. May 8, 1894.)

FEDERAL AND STATE COURTS—JURISDICTION.

The trustees named in a deed of trust executed by a bank for the benefit of its creditors instituted a suit in a state court against the bank and all its stockholders and creditors, for the purpose of administering the assets of the bank, under the direction and with the aid of said court. While such suit was pending, two of the creditors, who were parties to it, instituted a suit in a federal court against the bank, its officers, and the trustees, to set aside the trust deed, secure the appointment of a receiver, and an accounting. *Held,* that the jurisdiction of the state court, which attached to the parties and the subject-matter, upon the institution of the suit therein, was exclusive, and that the federal court was without jurisdiction.

This was a suit by Joel Foster and Nathaniel Foster against the Bank of Abingdon, John A. Buchanan, R. M. Page, and others, for an accounting and other relief. The defendants demurred to the bill, and the defendants Buchanan and Page also filed a plea, which was set down for argument with the demurrer.

This is a suit in equity brought by the complainants, who are nonresidents of the state of Virginia, against the Bank of Abingdon, a corporation under the laws of the state of Virginia, and others. The officers of said bank and the trustees in a deed of trust executed on the 5th day of August, 1893, are also made defendants. The bill charges the officers of the bank with gross negligence in the management of the finances of the bank, and seeks to hold these officers personally responsible for the losses resulting from their alleged official misconduct. The bill also charges that the deed of trust is voidable on various grounds assigned, and asks to have the same construed by the court. The bill prays for the removal of the trustees named in the trust deed, and for the appointment of a receiver to take charge of all the property of the bank; and that accounts, etc., be taken by a master, and that the officers of the bank be held personally liable for the losses accruing through their negligence; and for general relief.

The bill was filed February 13, 1894, and on the 14th of February, 1894, a temporary receiver was appointed, and an injunction issued restraining the trustees in the deed of trust of August 5, 1893, from further acting under said trust deed, until the further order of the court. A rule was awarded against all the defendants, requiring them to show cause why the order appointing a temporary receiver should not be made permanent. On the return of the rule, the defendants filed this special demurrer: "The defendants come and say that the court ought not to make permanent the appointment of the temporary receiver heretofore appointed in this cause because, they say, * * * that it appears by the complainant's own showing by the said bill that they have no standing in this court as a court of equity for the appointment of a receiver, because they are simple contract creditors, whose claims have not been reduced to judgment, and who have no express lien upon the assets of the said bank."

The defendants John A. Buchanan and R. M. Page, the trustees in the deed of trust, filed the following plea: "The defendants John A. Buchanan and R. M. Page, trustees, etc., come and say that this court ought not to

make permanent the appointment of the temporary receiver heretofore appointed in this cause, and that the complainants ought not to have and maintain their said suit, in so far as it seeks to take from the control of said trustees the assets of said bank, and to have the same administered in this court, because, they say, that this court has no jurisdiction of these matters, because, they further say, that on the 25th day of January, 1894, a suit in chancery was instituted in the circuit court of Washington county, Virginia by the said John A. Buchanan and R. M. Page, trustees of the said bank, against the said bank and all of its stockholders and creditors, including the complainants, for the purpose of administering the assets of the said bank under the direction and with the aid of the said court of equity, praying for all proper aid in the administration of said trust, for all proper accounts, and for all further and general relief; that process had regularly issued from the clerk's office of the circuit court of Washington county, Virginia, and had been served upon more than thirty of the parties to said bill; that the said circuit court of Washington county, Virginia, was a court of competent jurisdiction for the purposes of said suit, and able to give complete relief in the premises, and co-ordinate in its jurisdiction, for the purposes named, with the jurisdiction of this court; and that the said suit is still pending in the said circuit court of Washington county, Virginia; that, by the institution of said suit, the issuance and execution of process as aforesaid, the jurisdiction of the state court had attached to the parties and to the trust fund, the subject-matter of said suit; that afterwards, to wit, on the 14th day of February, 1894, the complainants in this suit, the said Joel E. and Nathaniel Foster, and others, presented their bill in equity to the judge of this court for an injunction restraining said trustees from further acting under the deed of trust set out in said bill, and for the appointment of a temporary receiver to take charge of said trust assets, and this was the first step towards invoking the jurisdiction of the federal court; that the said bill presented to the judge of this court has for its purpose, among other things, the administration of the same assets of said bank, and the appointment of a receiver therefor. Wherefore the defendants the said John A. Buchanan and R. M. Page, trustees as aforesaid, do plead to said rule and to the jurisdiction of this court, and pray the judgment of this court whether they should be compelled to make any other or further answer to said rule, and pray to be hence dismissed with their reasonable costs and charges in this behalf most wrongfully sustained."

To this plea no replication has been filed, and in this condition of the pleadings the cause has been argued and is submitted.

D. F. Baily and Blair & Blair, for complainants.

White & Buchanan, C. F. Trigg, Geo. E. Penn, and Fulkerson & Page, for defendants.

PAUL, District Judge (after stating the facts). The demurrer filed on the ground that the complainants are simple contract creditors, and therefore cannot maintain a suit in equity, cannot be sustained. The deed of trust made by the Bank of Abingdon on the 5th of August, 1893, is for the benefit of all the creditors of the bank, and gives to all its creditors alike a lien on the assets, real and personal, of the bank. The property conveyed constitutes a trust fund for the payment of all creditors, and under its provisions all creditors of the bank are lienors of the trust property, and any of them can maintain a suit in equity, touching the subject-matter of the trust, as if they were specially mentioned in the trust. I think this position in harmony with the principles laid down in Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127; Case v. Beauregard, 101 U. S. 688. Talley v. Curtain, 4 C. C. A. 177, 54 Fed. 43, is a case decided by the circuit court of appeals of this circuit, and the

facts are in many respects similar to the facts in this case. The debts of the complainants are not disputed, but are admitted in the pleadings, but are claimed to be simple contract debts. The demurrer will be overruled.

To the plea filed in this cause there is no replication, and in such case all the facts well pleaded are considered as admitted. See rule 33, Equity Rules, and notes thereto; Desty, Fed. Proc. 696; rule 38, Equity Rules, and notes thereto; Desty, Fed. Proc. 698; Fost. Fed. Prac. (2d Ed.) p. 270, § 157; Rhode Island v. Massachusetts, 14 Pet. 210. The plea shows that at the time this suit was instituted there was pending in the circuit court of Washington county, Va., a chancery suit instituted on the 25th day of January, 1894, by the trustees in the deed of trust of August 5, 1893, against the Bank of Abingdon and all of its stockholders and creditors, including the complainants, for the purpose of administering the assets of said bank, under the direction and with the aid of said state court. It shows that the state circuit court of Washington county, Va., is a court of concurrent jurisdiction with this court, and that said suit is still pending therein; that, by the institution of that suit, the issuance and execution of process, the jurisdiction of the state court had attached to the parties and to the subject-matter of that suit; and that this court is without jurisdiction as to the matters involved in the state court, because of the prior existence of a suit in the state court involving the same matters. The question raised by the plea is one that has been so often determined by the courts, federal and state, that we should have no difficulty in deciding it in the present case.

In Taylor v. Taintor, 16 Wall. 370, the supreme court, speaking by Justice Swayne, said:

"Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed, and the jurisdiction invoked is exhausted; and this rule applies alike in both civil and criminal cases. It is, indeed, a principle of universal jurisprudence that, where jurisdiction has attached to person or thing, it is, unless there is some provision to the contrary, exclusive in effect until it has wrought its functions."

In Gaylord v. Railroad Co., 6 Biss. 286, Fed. Cas. No. 5,284, the court said:

"We think that there is no other safe rule to adopt in our mixed system of state and federal jurisprudence than to hold that the court which first obtains jurisdiction of the controversy, and thereby of the res, is entitled to retain it until the litigation is settled."

The supreme court of Illinois has said:

"As a general principle, in all cases of concurrent jurisdiction, the tribunal which first obtains jurisdiction of the subject-matter must proceed and finally dispose of it." Mason v. Piggott, 11 Ill. 88.

Case in Vermont:

"We hold it to be a sound rule of law, based upon the most salutary principle, that in all cases of concurrent jurisdiction the court that has first possession of the matter should be left to decide it, unless there exists some peculiar equitable ground for withdrawing a controversy from a court of law to a court of chancery, and which disenables the party having the law in

his favor from bringing his case fairly and fully before a court of law. This principle is founded upon the courtesy which courts of concurrent jurisdiction should exercise towards each other, and may be necessary, as matter of policy, to prevent a conflict in the action of different courts." Bank of Bellows Falls v. Rutland & B. R. Co., 28 Vt. 477.

The supreme court of Maryland:

"When two courts have concurrent jurisdiction over the same subject-matter, the court in which the suit is first commenced is entitled to retain it. This rule would seem to be vital to the harmonious movement of courts whose powers may be exerted within the same spheres, and over the same subjects and persons. * * * Any other rule will unavoidably lead to perpetual collisions, and be productive of the most calamitous results." Brooks v. Delaplaine, 1 Md. Ch. 354.

A very full and able discussion of this question is found in the opinion of Justice Field in Sharon v. Hill, 36 Fed. 337. See, also, Ward v. Todd, 103 U. S. 327; Smith v. M'Iver, 9 Wheat. 532; Shelby v. Bacon, 10 How. 56; Freeman v. Howe, 24 How. 450. The court, in addition to the authorities cited, calls attention to section 720 of the Revised Statutes of the United States, which says a writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except where such injunction is authorized by any law relating to proceedings in bankruptcy. A recent case decided by the circuit court of appeals of the Fifth circuit, in a case coming up from the Eastern district of Louisiana, holds that the prohibition in section 720 of the Revised Statutes extends to all cases over which the state court first obtains jurisdiction, and applies, not only to injunctions aimed at the state court itself, but also to injunctions issued to all parties before the court, its officers, or litigants therein. See Whitney v. Wilder, 4 C. C. A. 510, 54 Fed. 554, 555, and authorities there cited.

The rule to show cause must be dismissed, and the order heretofore entered in this cause, appointing a temporary receiver and granting a restraining order, must be vacated.