SPRINGFIELD GROCERY COMPANY vs THOMAS ET AL.

Opinion delivered October 6, 1900.

*1. Fraudulent Conveyances—Equitable Action to Set Aside—Complaint.*

In an action, instituted in equity, to set aside a trust deed given by defendant covering all his property and effects, on the ground that same was executed with intent to cheat, delay and defraud defendant's creditors, the complaint alleging these facts, and further, that the defendant and the person named as trustee in the instrument attacked are wholly insolvent, and asking for an injunction restraining the trustee from acting and for the appointment of a receiver to take charge of same for the benefit of the creditors, it is not necessary for plaintiff to first obtain a judgment at law and have execution issued thereon, and show a return of same, nulla bona; but the allegations given are sufficient to authorize a court of equity to take jurisdiction.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by the Springfield Grocery Company against R. W. Thomas, John L. Thomas, Joe E. Thomas and Sallie E. Walker, to set aside a trust deed executed by defendant R. W. Thomas, as in fraud of his creditors. Judgment sustaining a demurrer to the complaint. Plaintiff appeals. Reversed.

On the 6th day of February, 1899, the plaintiffs filed their amended complaint in equity on behalf of themselves and all other unpreferred creditors of defendant R. W. Thomas who are parties to the deed of trust, and who shall join in this action. Said amended complaint alleged: That the said creditors are more than 50 in number. That said Thomas began business in January, 1898, bought goods, and became indebted to plaintiffs and all for whom this suit is brought. That said defendant Thomas induced plaintiffs to sell him goods on credit on the strength of statements made to them and to commercial agencies as to his financial condition which were "far more flattering and favorable to himself than was the truth," which was well known to him, and was done "with a fraudulent intent to induce these plaintiffs to sell him goods for which he never intended to pay them." Plaintiffs, believing said representations to be true, sold him goods. That on September 28, 1898, said defendant Thomas, realizing that he was insolvent, and being indebted over $10,000 to plaintiffs and others, executed a deed of trust on "all the property he possessed," which was sold him by these plaintiffs, and which was unpaid for. That said deed was to his brother John L. Thomas, as trustee, who was a preferred creditor for $1,000. That defendant Joe E. Thom-

as, another brother, and defendant Mrs. Sallie E. Walker his sister, were also preferred creditors. That said preferred indebtedness was $4,200. That said deed is in possession of defendant John L. Thomas, and, as plaintiffs are informed and believe, directs him to sell said goods for 90 days in the usual course of trade, and then, if indebtedness not paid, to sell said goods at auction in Tulsa, Ind. T., to the highest bidder for cash, and after paying alleged preferred creditors in full, to prorate balance among other creditors mentioned in schedule to said deed, which schedule named these plain tiffs. That said John L. Thomas took possession of said goods and began selling at unreasonably and ridiculously low prices, and contrary to the terms of said deed, and continues, to the injury and loss of plaintiffs. That said preferred indebtedness to his two brothers and sister is "simulated, covinous, and without consideration," and defendants covinously agreed "to cheat and defraud these plaintiffs," and said preferred indebtedness is reserved for defendant R. W. Thomas, grantor, and is therefore void. That said John L. Thomas was named as trustee without plaintiffs' consent and that the property, valued at $4,000, was placed in his charge without bond, and he has been selling same since September 28, 1898, to the loss and injury of plaintiffs. That defendant R. W. Thomas is wholly insolvent, and said trustee, John L. Thomas, is irresponsible and wholly unable to answer for any loss he may cause plaintiffs by his careless and illegal doings in the premises; and to avoid a multiplicity of suits at law, and as plaintiffs will suffer irreparable injury, and are remediless in the premises, they have sought relief in a court of equity, and ask, first, that said deed be canceled and set aside for fraud, and John L. Thomas be removed as trustee and enjoined from meddling with the property, and ask second, that the court appoint a receiver to take chaarge of property and administer same under orders of court, that court declare a trust against the property in

vor of the plaintiffs for the purchase money, that property e sold and proceeds prorated, and that plaintiffs have such rders as may enforce same. Defendants filed demurrer as ollows: "Comes R. W. Thomas, John L. Thomas, and allie E. Walker, the defendants herein, by their attorneys, nd demur to plaintiff's amended complaint, and for cause of emurrer state that said complaint does not state facts suffi- ent to constitute a cause of action, in that it fails to show ny right of plaintiff to come into a court of equity." On ebruary 20, 1899, court sustained demurrer and dismissed le amended complaint. Plaintiff excepted and appealed to lis court:

*James B. Burckhalter* and *L. F. Parker, Jr.*, for appel- nt.

*John B. Turner* and *J. P. Clayton*, for appellees.

TOWNSEND, J. The appellant has filed one assign- ent of error, which is as follows; "The court erred in sus- ining the demurrer to plaintiffs' amended complaint, for le reason that it clearly stated a good cause of action in vor of plaintiffs." No motion for new trial and no bill of cceptions were filed, for the reason that the error is appa- nt upon the face of the record. It was therefore unneces- ry. Norman vs Fife, 61 Ark. 33, 31 S. W. 740; Little vs ailway Co. 2 Ind. T. 551 (53 S. W. 333;) Severs vs Trust Co. Ind. T. (35 S. W. 233.) No objection is urged by appellee appellant's contention that facts well pleaded are admitted the demurrer.

The question involved in this record, and contended appellee as decisive, is that a creditor cannot go into a urt of equity to set aside a fraudulent conveyance until he s obtained his judgment at law, had execution issued, and e same returned nulla bona. Was that necessary in this

Fraudulent conveyance. Equitable action to cancel.

case? The amended complaint shows that Thomas, the grantor, had conveyed all the property he possessed; that he was insolvent, and that in the schedule to said trust deed, and as a part thereof, the appellant's cleim was set out and stated, and also the claims of 50 other creditors were set out and stated, and in behalf of whom appellant filed his amended complaint, as well as in his own behalf. If one of those creditors was required to obtain a judgment at law, all would be required; and yet it appears on the face of the pleading that the debtor was insolvent, and all his property had been conveyed in the deed, and the deed also recognized each one of the claims of these creditors, and purported to allow each his pro rata share after the preferred creditors were paid. These facts are admitted by the demurrer. There is no contention by appellee that the allegations of fraud are not sufficient to give equitable jurisdiction, but that the appellant has not shown that he is entitled to equitable relief, for the reason that he has not secured his judgment at law, execution, and nulla bona return. Was there a particle of necessity that he should do so? In the case of Talley vs Curtain, 4 C. C. A. 177, 54 Fed. 43, the syllabus says: "A creditor's bill to set aside an assignment of all the debtor's property for the benefit of creditors may be maintained, though plaintiff's claim has not been reduced to judgment, when such claim is recognized and provided for in the deed of assignment, and is not disputed by the pleadings, since a judgment and execution would afford no remedy at all, and there is no remedy at law. 46 Fed. 580, affirmed." This case is almost identical in the questions raised with the case at bar, and on page 179, 4 C. C. A., and page 46, 54 Fed., they say: "Neither law nor equity requires a meaningless form. 'Bona sed impossibilia non cogit lex.' Now, in the deed before us the debtor not only professes to convey and assign, but in fact in express words does convey and assign, all his property and rights of property to a trustee in fee. He has thus

parted irrevocably, as far as he is concerned, with all his assets. They are, under this deed, converted into equitable assets, and can be reached only in a court of equity. A judgment at law could create no lien on them. An execution consequent on such a judgment could not reach them. The return of nulla bona is not only a foregone conclusion; it would be an idle ceremony. The complainant not only can have no plain, adequate, and complete remedy at law; he has no remedy at law at all." And further on the court say: "In the present case we have an acknowledged debt, admitted in the most formal way, binding grantor and grantee. The pleadings dispute it in no way. The deed conveys all the property of the debtor in trust for many creditors,—among them, these complainants,—by name and amount. The assignor cannot recall this act of his. The assignee cannot devest himself of the trusts, or diminish the interest of the complainants in them. Indeed, the interest inheres in the complainants themselves; and, although they deny the validity of the deed and declare it void, if they fail in their contention it would seem that they can receive their interest under it. The question made in this court—the only question—is the validity of certain trusts in this deed. They are to be passed upon and adjudicated. If their validity be sustained, they will be administered under the supervision of the court. If any of them be held invalid, they will be disregarded. If all the special trusts are invalid, one remains, and that is for all creditors, and that the court can administer with that equality which is equity. It is true that the complainants deny the validity of the deed. But this denial cannot defeat the trusts, if any exist, nor affect creditors who have come in under this creditors' bill, nor defeat the jurisdiction, which does not depend on the attitude of the complainants. The aid of the court has been sought to construe a trust. Having jurisdiction to do this,—its peculiar province,—it can go on, and give such relief as it may think

proper upon the whole case. Story, Eq. Jur. §64k." Talley
vs Curtain, 4 C. C. A. 180, 181, 54 Fed. 43.    The above case
embraces an exceedingly full discussion of the questions
raised by the record in this case, and is prolific in its cita-
tion of the authorities touching the questions involved. In
the case at bar a judgment and execution and return of nulla
bona would have been an idle ceremony. "The law forces
no one to do a vain and useless thing." Jacks vs Bingham, 36
Ark. 483. It is said in Case vs Railway Co., 101 U. S. 691, 692,
25 L. Ed. 1004, that: "Neither law nor equity requires
a meaningless form.    "Bona sed impossibilia non cogit
lex." It has been said that where it appears by the bill
that the debtor is insolvent, and that the execution would
be of no practical utility, the issue of an execution is not a
necessary prerequisite to equitable interference.    This is
certainly true where the creditor has a lien or trust in his
favor". The complaint in the case at bar is good, because
the deed of trust creates a trust in favor of these plaintiffs,
thereby admitting them into a court of equity. Oelrichs vs
Spain, 15 Wall. 228, 21 L. Ed. 43; Case vs Beauregard, 101
U. S. 691, 25 L. Ed. 1004; Scott vs Neely, 140 U. S. 112, 11
Sup. Ct. 712, 35 L. Ed. 358; Story Eq. Jur. Sec. 64k; Shields
vs Thomas, 18 How. 262, 15 L. Ed. 368. The statute of
Arkansas, we think, authorizes the proceding contemplated
by the complaint in this case. See Section 5288 Mansf.
Dig. (Section 3493 Ind. T. Ann. St. 1899); "In an action
by a vendor to vacate a fraudulent purchase of property, or
by a creditor to subject any property or fund to his claim,
or between partners or others jointly owning or interested
in any property or fund, on the application of plaintiff or of
any party whose right to or interest in the property or fund
or the proceeds thereof is probable, and where it is shown
that the property or fund is in danger of being lost, remov-
ed or materially injured, the court may appoint a receiver
to take charge thereof during the pendency of the action,

and may order and coerce the delivery of it to him." The complaint in this case charges that the goods were brought upon fraudulent representations and with the fraudulent intent to induce plaintiff to sell the goods to them, and for which they never intended to pay. It further charges that the preferred indebtedness to his brothers and sisters is "simulated, covinous and without consideration" and that defendants covinously agreed "to cheat and defraud these plaintiffs", and that the said preferred indebtedness is reserved for the grantor, and said deed is therefore void. The demurrer admitting these allegations, we cannot see the justice in sustaining the demurrer and dismissing the complaint. In Cohen vs Meyers, 42 Ga. 46, very similar allegations were made in the bill filed; and the court in discussing the question whether such allegations took the case out of the general rule requiring judgment and execution, as an exception, says: "We are not perfectly satisfied that this is a case falling within the rule that a general creditor cannot ask the preventive aid of a court of equity before he gets a judgment at law. But there are facts stated and charged in the bill which, if true, gives these creditors a peculiar equity. It is charged that Golinski bought these goods with intent to defraud the complainants, that he never intended to pay for them, and that Cohen knew of this, and acted upon it, with the avowed purpose of making money out of the transaction. If he was in complicity with Cohen before he bought these goods, or if Cohen knew, when he bought, that Golinski had this intent, this case would be entirely out of the rule to which we have referred. Then these goods never, in equity, belonged to Golinski. He obtained them by fraud, and with a fraudulent intent, and the jurisdiction of a court of equity is complete. We think there is enough charged in this bill to justify this, and that the whole case ought to go on for a hearing upon its merits." Cohen vs Meyers 42 Ga. 49. We think the allegations in

this complaint fully authorize a court of equity to take jurisdiction, and therefore we are of the opinion the judgment of the lower court sustaining the demurrer and dismissing the bill should be reversed, with directions to the court to overrule the demurrer, with leave to defendants to answer if they desire. Reversed and remanded.

CLAYTON, C. J., and THOMAS and GILL, JJ., concur.